533 ...

AMOUNT $ 8 / 50
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. m
DATE 1-2-04

.... COURT
... OF MASS.

... COURT
... OF MASS.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

2004 JAN 21  P 5: 32

2004 JAN 21  P 5: 32

JACK ROGERS and
PAUL PINELLA,

      Plaintiffs,

v.

COMCAST CORPORATION and
AT&T BROADBAND,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

... FED
...'S OFFICE
Case No. _____

... ED
...'S OFFICE

04    10142 EFH

MAGISTRATE JUDGE Alexander

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Comcast Corporation ("Comcast") and AT&T Broadband (collectively, "Defendants")[1] hereby remove this action to this Court from the Superior Court of Middlesex County, Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1441 and 1446, on the following grounds:

1.    This action was commenced on December 8, 2003, by the filing of a Complaint (the "Complaint") in Civil Action No. 03-4985 in the Superior Court of Middlesex County, Commonwealth of Massachusetts. Defendants were served with Summons and Complaint on December 22, 2003. *See* Exhibit A. No orders have been issued in Civil Action No. 03-4985.

2.    This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b). No answers or other responsive pleadings have been filed in Civil Action No. 03-4985 in the Superior Court of Middlesex County, Commonwealth of Massachusetts.

---

[1] According to the allegations in the Complaint, AT&T Broadband is a wholly-owned subsidiary of Comcast. *See* Compl. at ¶ 10.

3.    Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ...." This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

4.    The United States District Court for the District of Massachusetts is the federal district embracing the Superior Court of Middlesex County, Commonwealth of Massachusetts, and, accordingly, Defendants remove the action to this Court.

5.    Plaintiffs allege that Defendants are engaging in anticompetitive conduct through a "clustering scheme" designed to allocate cable subscribers among certain geographic markets, in contravention of Federal law designed to foster competition in the market for multichannel video programming services.   Compl. at ¶¶ 1-2, 16, 26, 32-38.   Plaintiffs seek relief under the Massachusetts Antitrust Act on behalf of a putative class of "[a]ll cable television customers who subscribe or subscribed since December 1, 1999, to video programming services (other than solely to basic cable services) from Defendants" in various counties in Massachusetts and New Hampshire. Compl. at ¶ 16.

## This Court Has Diversity Jurisdiction
## Because The Parties Are Diverse And The Amount In Controversy Exceeds $75,000

6.    Removal of the Complaint is proper because the citizenship of Plaintiffs and Defendants is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

7.    Comcast Corporation is a Pennsylvania Corporation with its principal place of business in Philadelphia, Pennsylvania. Compl. at ¶ 9. AT&T Broadband is a wholly owned subsidiary of Comcast, with its principal place of business in Philadelphia, Pennsylvania. Compl. at ¶ 10.

Plaintiffs are citizens of the Commonwealth of Massachusetts. Compl. at ¶¶ 7-8. Thus, there is complete diversity of citizenship between Plaintiffs and Defendants, and no Defendant is a citizen of the forum state.

8.    The Complaint seeks "an injunction, treble damages and other relief against Defendants" for alleged violations of Sections 4 and 5 of the Massachusetts Antitrust Act. Compl. at ¶ 2. In their prayer for relief, Plaintiffs request, *inter alia*, "[t]hat Comcast be enjoined from continuing the unlawful monopolization, or attempt to monopolize conduct alleged in this Complaint and that Defendants be enjoined from entering into or implementing 'swap' agreements allocating territories, markets or customers." Compl. at p. 19 (F); *see also* Compl. ¶ 21(f) ("[t]he questions of law and fact common within the Class include ... whether the Class is entitled to injunctive relief as a result of Comcast's continuing conduct").

9.    The allegedly anticompetitive "clustering scheme" which the Complaint attacks involves agreements through which Comcast obtained AT&T cable subscribers, including the November 2002 merger agreement between Comcast and AT&T. Compl. at ¶¶ 32-38. If Plaintiffs were to obtain the requested injunction against operation and implementation of these agreements, they would effectively unravel substantial portions of this multi-million dollar merger, costing Comcast well in excess of the $75,000 jurisdictional amount. *See* Declaration of Joseph M. Donnelly, at ¶ 5 (attached as Exhibit B). Furthermore, the injunction that each Plaintiff is seeking with respect to future conduct would block Defendants from engaging in prospective transactions that create cost-savings, efficiencies and other value far in excess of $75,000. As such, the amount in controversy requirement is satisfied and this case falls within this Court's original jurisdiction under 28 U.S.C. § 1332. *See Commonwealth of Massachusetts v. United States Veterans Admin.*, 541 F.2d 119, 122 n. 3 (1st Cir. 1976) (recognizing that the amount in

controversy necessary to establish diversity jurisdiction is satisfied where the pecuniary burden on the defendant would probably be in excess of the jurisdictional amount); *Williams v. Kleppe*, 539 F.2d 803, 804 n. 1 (1st Cir. 1976) (same);  *Grotzke v. Kurz*, 887 F. Supp. 53, 57 (D.R.I. 1995) (same); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997) (amount in controversy requirement is met where the issuance of injunctive relief would force the defendant to forego a benefit or transaction worth more than the jurisdictional amount to defendant).

### This Court Has Federal Question Jurisdiction
### Because An Essential Element Of Plaintiffs' Antitrust Claim Requires Resolution
### <u>Of A Substantial Question Of Federal Law</u>

10.     Removal of the Complaint is also proper for the independent reason that Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

11.     Plaintiffs' claims against Comcast are expressly premised upon the allegation that Comcast violated the Cable Television Consumer Protection Act of 1992, and the Telecommunications Act of 1996. Compl. at ¶¶ 1, 23- 31.  Indeed, in the very first paragraph of the Complaint, which is incorporated by reference into each Count of the Complaint, Plaintiffs allege that Comcast, and other cable companies, are violating the Cable Television Consumer Protection Act of 1992's "prohibition against exclusive cable franchises for a particular geographic area." Compl. at ¶ 1.  Plaintiffs also allege that Comcast, and other cable companies, are violating the 1996 Congressional legislation "promoting competition."  *Id.*; *see also* Compl. at ¶ 26 ("Despite Congress' intention of promoting competition in the cable industry to benefit the public ... in monopoly 'clusters' created by large cable companies, including

Comcast, cable prices have increased significantly ...."). Plaintiffs expressly adopt these alleged violations of Federal statutes as the basis for their antitrust claims: "Despite passage of the 1992 and 1996 Congressional legislation, large cable companies, including Defendants, have violated antitrust laws and carved out their own respective areas of operation to the exclusion of competition from other cable companies." Compl. at ¶ 1.

12.    In support of their claims, Plaintiffs rely extensively on reports issued by the Federal Communications Commission ("FCC") and the United States General Accounting Office ("GAO") on competition in the cable market and on cable prices. *See* Compl. at ¶¶ 27 (citing *In the Matter of Annual Assessment of the Status of Competition in the Market for Delivery of Video Programming, Ninth Annual Report*, MB Docket No. 02-145, released December 31, 2002 (FCC); *In the Matter of Annual Assessment of the Status of Competition in the Market for Delivery of Video Programming, Second Annual Report*, App. G at Table 2 (1995) (FCC)); 29 (citing GAO, *Report to the Subcommittee on Antitrust, Competition, and Business and Consumer Rights, Committee on the Judiciary, U.S. Senate: Telecommunications, Issues in Providing Cable and Satellite Television Service* (2002); GAO, *Report to the Chairman, Committee on Commerce, Science, and Transportation, U.S. Senate: Telecommunications, Issues Related to Competition and Subscriber Rates in the Cable Television Industry* (2003)); 30 (citing *In the Matter of Implementation of Section 3 of the Cable Television Consumer Protection and Competition Act of 1992, Statistical Report on Average Rates for Basic Service, Cable Programming Service, and Equipment* (2001) (FCC); *In the Matter of Implementation of Section 3 of the Cable Television Consumer Protection and Competition Act of 1992, Statistical Report on Average Rates for Basic Service, Cable Programming Service, and Equipment* (2001)

(FCC)). Thus, as the Plaintiffs frame their own claims, their right to relief necessarily depends upon the resolution of a substantial question of Federal law.

13.    Furthermore, Plaintiffs' antitrust claims challenge the November 2002 merger agreement between Comcast and AT&T, and alleged agreements between Comcast and AT&T regarding customer allocation pre-dating that merger. Compl. at ¶¶ 32-37. Such agreements are subject to FCC review and approval under 47 C.F.R. §78.1 *et seq.*, which provides the opportunity for public comment. *See* 47 C.F.R. §§ 78.20 and 78.22.

14.    Most importantly, the Complaint challenges customer distribution between Comcast and AT&T, which was the subject of extensive evaluation by the FCC in connection with the merger. *See In re Applications for Consent to Transfer of Control of Licenses from Comcast Corporation and AT&T Corp., Transferors, to AT&T Comcast Corporation, Transferee*, MB Docket No. 02-70  (FCC 02-310 Nov. 14, 2002) (attached hereto as Exhibit C).  The FCC was charged with undertaking a "public interest evaluation" which included "preserving and enhancing competition in the relevant markets, ensuring that a diversity of voices is made available to the public, and accelerating private sector deployment of advanced services." *Id*, at ¶ 27 (footnote omitted).  In so doing, it evaluated, *inter alia*, the prospect of "increased clustering in major markets." *Id*, at ¶ 5.  After undertaking its public interest evaluation, the FCC concluded that "the positive public interest benefits promised by this merger are sufficient to support the Commission's approval ...." *Id*, at ¶ 222.

15.    Through its review and approval of the November 2002 merger agreement, the FCC necessarily evaluated the effects of any pre-merger agreements between Comcast and AT&T affecting distribution of customers between the two entities at the time of the merger. As the Complaint challenges the competitive nature of the merger and pre-merger agreements between

Comcast and AT&T allegedly allocating customers among them, *see* Compl. at ¶¶ 32-38, it amounts to a collateral attack on the FCC's decision, plainly a substantial question of Federal law. As evaluation of Plaintiffs' antitrust claims requires resolution of substantial questions of Federal law, this court has jurisdiction over these claims.

16.    Indeed, Plaintiffs' counsel commenced three other actions against Comcast in Federal courts seeking relief under Federal antitrust law for the same allegedly wrongful conduct. *See Kristian v. Comcast Corp.*, Case No. 1:03 cv 12466 (D. Mass.) (filed Dec. 8, 2003) (attached as Exhibit D); *Kellman v. Comcast Corp.*, Case No. 03C8831 (N. D. Ill.) (filed Dec. 8, 2003) (attached as Exhibit E); *Behrend v. Comcast Corp.*, Case No. 2:03 cv 06604 (E.D. Pa.) (filed Dec. 8, 2003) (attached as Exhibit F). Among these is a virtually identical action filed in this Court, seeking relief under sections 1 and 2 of the Sherman Act, on behalf of substantially the same putative class of cable customers involved in the present action. *See* Exhibit Dat ¶¶ 3, 17; Compl. at ¶ 16.

17.    Because Plaintiffs' claims require resolution of substantial questions of federal law, this Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, and removal is authorized. *See Franchise Tax Bd.*, 463 U.S. at 13, 27-28 (holding that district courts have federal question jurisdiction over state law cause of action where "the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law" in that "federal law is a necessary element of one of the well-pleaded state claims."); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (applying *Franchise Tax Board* and confirming federal jurisdiction is proper where a federal issue is an element of a state cause of action and jurisdiction over the federal issue would serve congressional purposes to allow federal private remedies); *Christianson*, 486 U.S. at 808 (relying upon *Franchise Tax Board* and *Merrell Dow*

in concluding that federal jurisdiction is proper where relief sought necessarily depends on resolution of a substantial question of federal law); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997) (reaffirming that a case may "arise under" the laws of the United States if it requires resolution of a substantial question of federal law, even if state law creates the plaintiff's cause of action).

18.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of Middlesex County, Commonwealth of Massachusetts, and copies are being served upon Plaintiffs.

19.    No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved. Furthermore, Defendants reserve the right to substantiate further the factual statements alleged herein in good faith with additional declarations, affidavits and other evidence.

WHEREFORE, Defendants remove the above-captioned action from the Superior Court of Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Dated: January 21, 2004

Mark A. Berthiaume
Christopher Robertson
**SEYFATH SHAW LLP**
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on ____1/21/00____ .

MARK A. BERTHIAUME

-8-

Christopher M. Curran
Jaime A. Bianchi
George L. Paul
**WHITE & CASE LLP**
601 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355