UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jack Rogers and Paul Pinella,<br><br>Plaintiffs,<br><br>v.<br><br>Comcast Corporation<br>and AT&T Broadband,<br><br>Defendants. | Civil Action No.: 04-10142-EFH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND** |

This action was filed by plaintiffs in the Superior Court for Middlesex County on December 8, 2003. On January 21, 2004, defendants Comcast Corporation ("Comcast") and AT&T Broadband removed the case to this Court. Plaintiffs now move to remand for lack of subject matter jurisdiction.

## BACKGROUND

This is a class action brought on behalf of all subscribers of Comcast's cable television services since December 8, 1999 (except for those who subscribed to basic cable services only), who obtained those services in Comcast's Boston, Massachusetts cluster.[1] The Complaint alleges violations of Massachusetts antitrust statutes prohibiting restraints of trade, monopolization, and attempted monopolization. It does not assert any cause of action under federal law.

---

[1] Plaintiffs' Complaint defines "Comcast's Boston cluster" as those areas served by Comcast's cable franchises located in Boston and geographically contiguous areas, or areas in close proximity to Boston, and including areas covered by Comcast's cable franchises in identified counties. Complaint ¶ 16a(2).

45705

A principal allegation in this case is that defendants have entered into a series of agreements with other cable companies, known as "swap agreements," in which defendants traded subscribers in other parts of the United States in exchange for subscribers in the Boston area. These agreements consolidated Comcast's control over, and substantially reduced competition in, the cable television market in Comcast's Boston cluster.

The Complaint alleges that defendants' swap agreements constitute horizontal agreements allocating customers, territories, and markets, in violation of the Massachusetts Antitrust Act, M.G.L. c. 93, § 4. (Compl., Count I.) The Complaint also alleges unlawful acquisition or maintenance of monopoly power by Comcast in violation of M.G.L. c. 93, § 5, and an unlawful attempt to monopolize in violation of the same provision. (*Id.*, Counts II and III.) As a result, cable competition has been restrained and the members of the putative class have been illegally charged higher prices for non-basic cable television than they would have paid in the absence of defendants' unlawful conduct. (*Id.*, ¶¶ 4-6, 33-38, 43, 51, 55-56, 60, 65.)

Plaintiffs seek money damages for the harm they have suffered as a result of Comcast's anticompetitive conduct. (*Id.*, Prayer for Relief ¶¶ D, E.) They also request an injunction barring defendants from entering into unlawful swap agreements or engaging in other illegal monopolistic activities in the future. (*Id.*, Prayer for Relief ¶ F.)

## ARGUMENT

### DEFENDANTS CANNOT SATISFY THEIR HEAVY BURDEN TO SHOW THAT REMOVAL IS PROPER AND THEREFORE THIS CASE MUST BE REMANDED.

Removal jurisdiction is construed narrowly and the party seeking to remove a case from state court has the burden to establish the Court's jurisdiction. *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). Any doubts are construed in favor of

remanding the case to state court. *Brawn v. Coleman*, 167 F. Supp. 2d 145, 148 (D. Mass. 2001).

Defendants cannot show that removal was proper because the Court has neither federal question nor diversity jurisdiction over this case.

### A.     There Is No Federal Question Jurisdiction in this Case.

Defendants attempt to support their claim of federal jurisdiction by asserting that this case involves a significant question of federal law. It does not.

To meet their burden on this issue, defendants must show that plaintiffs' claim "arises under" federal law. 28 U.S.C. § 1331. The plaintiffs' cause of action must either be created by federal law, or the case must "necessarily turn" on the construction of federal law. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9 (1983). The federal issue must appear on the face of plaintiffs' Complaint, and cannot be invoked as a defense or otherwise introduced by the defendant. *Id.* at 10. *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) ("[A] case may not be removed to federal court on the basis of a federal defense ....") (citation omitted); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987) (holding that defendant may not transform a state law action into one arising under federal law by raising a federal defense).

The federal question standard is very stringent. For example, a negligence claim which turned on a drug manufacturer's failure to follow federal labeling requirements does not support federal question jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Similarly a claim for breach of fiduciary duty does not present a federal question even though the alleged breach was a violation of the federal antitrust laws. *Seinfeld v. Austen*, 39 F.3d 761, 764 (7th Cir. 1994). Nor does federal question jurisdiction exist where the case is brought under a state statute that protects "rights secured by the

3

constitution or laws of the United States." *Korb v. Raytheon Company*, 707 F. Supp. 63, 69 (D. Mass. 1989).

Plaintiffs have stated three claims under the Massachusetts antitrust statutes, unlawful restraint of trade, monopolization, and attempted monopolization.[2] Nothing in the Complaint suggests that a question of federal law need ever be resolved to decide this case. In their Notice of Removal, defendants fail to identify any specific federal question that must be decided in this case. Defendants' failure to identify the federal question involved is understandable because there simply is none.

Defendants point to an introductory paragraph in the Complaint which cites federal legislation intended to increase competition for cable television services as the source of federal jurisdiction. (Notice of Removal ¶ 11.) This section of the Complaint is clearly nothing more than background intended to provide the Court with information about the context in which this dispute arose. Nowhere in their Complaint do plaintiffs assert any violation of this Congressional legislation. Rather, plaintiffs assert claims based exclusively on state antitrust laws. The legislation provides no legitimate basis for the exercise of federal jurisdiction in this case.

Similarly, defendants' assertion that the Federal Communications Commission (FCC) approved the November 2002 merger agreement between Comcast and AT&T (Notice of Removal ¶ 14) fails to support federal jurisdiction. The Complaint raises no challenge to the FCC approval. Defendants' characterization of Plaintiffs' Complaint as a "collateral attack

---

[2] The fact that plaintiffs' attorneys are involved in litigation which includes claims brought under federal antitrust law challenging the same conduct (*see* Notice of Removal at ¶ 16) is, of course, irrelevant to the question of this Court's jurisdiction over the state law claims at issue in this case. *See Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999).

4

on the FCC's decision" (Notice of Removal ¶ 15) is simply wrong and unsupported. Even if defendants attempted to rely on the FCC Order as some sort of defense in the case, the FCC ruling still could not be a basis for federal jurisdiction. Under the "well-pleaded complaint rule," a plaintiff is "master of the claim" and may properly avoid removal to federal court by pleading exclusively state law claims. *Caterpillar, Inc. v. Williams*, 482 U.S. at 392. Federal jurisdiction must exist on the face of the complaint and cannot be established on the basis of issues raised by the defendant. *See supra* at 3.

Clearly, there is no federal question jurisdiction over this case.

### B. Removal Based on Diversity Jurisdiction is Improper Because the Amount in Controversy Does Not Meet the Minimum Requirement for Purposes of Diversity Jurisdiction.

Defendants also erroneously rely on diversity jurisdiction as a basis for removal. The Court should reject this contention because Comcast cannot satisfy the amount in controversy under applicable diversity jurisdiction principles.

#### 1. Plaintiffs' Monetary Damages Are Not Sufficient to Support Diversity Jurisdiction.

In this class action, which alleges individual plaintiff claims under Massachusetts antitrust laws, the putative class members' requests for monetary damages cannot be aggregated to determine the amount in controversy. *See, e.g., Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123

F.3d 599, 610 (7th Cir. 1997).[3] It is also clear that no plaintiff has damages that even come close to the $75,000 jurisdictional threshold. Each of plaintiffs' damages are some portion of his or her monthly cable bill. As defendants acknowledge, it is clear that each plaintiffs' monetary damages, even after antitrust trebling, do not satisfy the jurisdictional amount. Indeed, defendants concede this point because their Notice of Removal does not rely on plaintiffs' request for monetary damages as a basis for diversity jurisdiction.

### 2. Plaintiffs' Claim for Injunctive Relief Does Not Support Diversity Jurisdiction.

Defendants rely on the injunctive relief requested in the Complaint to attempt to satisfy the required jurisdictional amount. However, defendants' alleged "costs" associated with the requested injunction cannot be considered in calculating the jurisdictional amount. Even if such costs could be considered, defendants cannot show, as they must, that the costs with respect to an individual plaintiff satisfy the jurisdictional amount.

#### a. The "costs" alleged by defendants related to an injunction requiring compliance with state antitrust laws are not properly considered in determining whether the jurisdictional amount is satisfied.

The injunctive relief sought in the Complaint is an order barring defendants from engaging in any *future* anticompetitive conduct in its Boston cluster that violates Massachusetts antitrust laws. Essentially, this amounts to nothing more burdensome than a directive that defendants comply with the antitrust laws. Defendants cannot meet their

---

[3] The only exception – and it is an infrequent one – to the legal principle of nonaggregation is for "joint" claims that all plaintiffs have brought to enforce a single title or right in which they have a common and undivided interest. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). A joint claim is one where the plaintiffs assert an indivisible common claim. *Gattegno v. Sprint Corp.*, 2003 U.S. Dist. LEXIS 22537, *15 (D. Mass. 2003) (Keeton, J.). No such joint claim or interest exists here. Rather, plaintiffs are merely pursuing their separate claims for Comcast's illegal activities under state antitrust laws. *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 610 (7th Cir. 1997) (plaintiff has individual right to sue under antitrust law).

burden on the amount in controversy requirement by complaining that they will be deprived of some future benefit because they must conduct business in a lawful manner. *See Brand Name Prescription Drugs* at 610 (stating that injunction requiring future compliance with antitrust law does not implicate foregone benefits cognizable for purposes of diversity jurisdiction amount in controversy).

Defendants contend that the requested injunction would "block Defendants from engaging in prospective transactions that create cost-savings, efficiencies and other value to Comcast far in excess of $75,000." (Notice of Removal ¶ 9.) Although defendants cite to Judge Posner's opinion in *Brand Name Prescription Drugs* to support their position, their reliance on the case is misplaced. As indicated above, in noting that the defendant in that price-fixing case had *not* attempted to satisfy the jurisdictional amount based on a requested injunction barring future price fixing, Judge Posner observed: "The reason may be that while an injunction against price fixing might prevent a defendant from engaging in lucrative unlawful transactions, it would not deprive the defendant of a *legally protected* interest." *Id.* (Emphasis in original.) Thus, defendants' assertion that the *Brand Name Prescription Drugs* case supports removal (Notice of Removal ¶ 9) is simply wrong.

Even if these "costs" of foregoing future illegal activity could properly be included in the jurisdictional amount, such costs are entirely speculative. Defendants have not identified a single prospective transaction that would be enjoined by such an order, much less have they specified the loss they would incur from such relief. Nor have they alleged or quantified any costs of compliance with the prospective injunctive relief sought by plaintiffs. Thus, they have failed to meet their burden to show removal was proper by a preponderance of the evidence. *See, e.g., Brand Name Prescription Drugs* at 610 (stating that "defendants have made no effort to show that what is conceivable is also probable by quantifying the internal

7

cost of compliance" with an injunction); *Dickal 770 v. PRN Corp.*, 2002 U.S. Dist. LEXIS 10478, *7 (N.D. Ill. 2002) ("Pecuniary results that are speculative or that flow from 'collateral sources' . . .are not considered [for purposes of determining diversity jurisdiction]"); *Brown v. GMC*, 2001 U.S. Dist. LEXIS 8457, *4 (N.D. Ill. 2001) (stating that removal based on diversity jurisdiction not to be based on "speculative inferences and guesswork."); *Hairston v. Home Loan and Inv. Bank*, 814 F. Supp. 180, 182 (D. Mass. 1993) (finding that jurisdictional amount was not satisfied based, in part, on "speculative and unpredictable" damages).

In an attempt to overcome this deficiency, defendants mischaracterize the injunctive relief sought by plaintiffs and summarily assert that this case seeks to "unravel" a "multi-million dollar merger." (Notice of Removal ¶ 9.) This assertion finds no support in plaintiffs' Complaint. Contrary to defendants' contention (*id.*), plaintiffs do not make any claim, and do not intend, to "unravel" Comcast's acquisition of AT&T's cable business or AT&T's cable subscribers. Thus, defendants' asserted "costs" are irrelevant and unsupported in law and fact.

      **b.**    **Even if defendants' asserted "costs" related to the requested injunctive relief could be counted toward the jurisdictional amount, defendants have not shown that the costs in regard to an individual plaintiff are at least $75,000.**

Like the money damages sought by this class action (*see supra* at 5-6), plaintiffs' request for injunctive relief is based on the right of individual plaintiffs to be free from harm caused by anticompetitive conduct. Each individual plaintiff therefore has standing to bring such a claim. *See Brand Name Prescription Drugs* at 610 (holding that each individual plaintiff has claim for an injunction barring future anticompetitive activity under antitrust laws). Accordingly, defendants must show that the cost of injunctive relief with respect to a

single plaintiff satisfies the amount in controversy requirement. *Id.* ("The test, we repeat, is the cost to each defendant of an injunction running in favor of one plaintiff; otherwise the nonaggregation rule would be violated.").

Defendants refer to *dicta* in *Commonwealth of Massachusetts v. United States Veteran's Admin.*, 541 F.2d 119, 122 n.3 (1st Cir. 1976) and *Williams v. Kleppe*, 539 F.2d 803, 804 n.1 (1st Cir. 1976), which did not involve class actions, to suggest that defendants' aggregate cognizable costs attributable to an injunction may be included in the jurisdictional amount. However, cases decided in this Circuit after *Commonwealth of Massachusetts* and *Williams* have not applied such a rationale to class actions because it is contrary to the longstanding nonaggregation principle in class action cases. *See Hairston v. Home Loan and Inv. Bank*, 814 F. Supp. 180, 181 n.2 (D. Mass. 1993) (rejecting calculation of amount in controversy from defendant's perspective to avoid circumvention of nonaggregation principle in class actions); *Ferris v. General Dynamics Corp.*, 645 F. Supp. 1354, 1363 (D.R.I. 1986) (same); *Melnick v. Microsoft Corp.*, 2000 WL 761013, *2 n.1 (D. Maine 2000) (recognizing that if defendant's cost is considered in calculation of amount in controversy, such amount "must be divided by the number of potential plaintiffs."). In fact, one of the cases cited by defendants to support its aggregation argument, *Grotzke v. Kurz*, 887 F. Supp. 53, 57 (D.R.I. 1995) (Notice of Removal ¶ 9), similarly recognizes that calculating the amount in controversy in class actions from the defendant's perspective "would be in direct contravention with settled precedent."

Again, defendants have utterly failed to show that the requested injunctive relief with respect to an individual plaintiff would result in costs of at least $75,000. In fact, defendants have not made any attempt to quantify the costs generally, let alone with respect to an individual plaintiff. Therefore, for this additional reason, defendants' general assertion of

9

loss or expense associated with prospective injunctive relief cannot provide a basis for diversity jurisdiction.

        c.      **The amount in controversy should also be calculated only from the viewpoint of an individual plaintiff.**

As noted above, consistent with the nonaggregation principle, the amount in controversy in class actions should be determined by considering the value of the requested injunction only from the perspective of an individual plaintiff. *See, e.g., Hairston*, 814 F. Supp. at 181 n.2; *Ferris*, 645 F. Supp. at 1363; *Grotzke*, 887 F. Supp. at 57. Thus, in a recent consumer antitrust class action against Microsoft, the court valued an injunction against future anticompetitive behavior based on the benefit received by an individual plaintiff in the form of the lower cost of a personal computer. *See Melnick*, 2000 WL 761013 at *2. Here, the reduction in future cable television service charges for each individual plaintiff attributable to an injunction would certainly be less than the $75,000 jurisdictional minimum, and defendants do not allege otherwise. (*See supra* at 5-6.)

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court remand this case back to the Massachusetts Superior Court for Middlesex County.

DATED: 20 February 2004

                                                  John Peter Zavez (#555721)
                                                  Noah Rosmarin (#630632)
                                                  ADKINS KELSTON & ZAVEZ, P.C.
                                                  90 Canal Street
                                                  Boston, MA 02114
                                                  Tel: (617) 367-1040
                                                  Fax: (617) 742-8280

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 2/20/04

Samuel D. Heins
Stacey L. Mills
Alan I. Gilbert
Daniel C. Hedlund
David Woodward
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-4605
Fax: (612) 338-4692

Barry Barnett
Max Tribble, Jr.
SUSMAN GODFREY LLP
901 Main Street, Suite 4100
Dallas, TX 75202
Tel: (214) 754-1900
Fax: (214) 754-1933

Jonathan Shaw
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3100
Seattle, WA 98101
Tel: (206) 516-3836
Fax: (206) 516-3883

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Michael Hausfeld
Stewart Weltman
COHEN, MILSTEIN, HAUSFELD &
TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

**Counsel for Plaintiffs**