UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACK ROGERS, | ) | No. 04-10142 EFH |
| and PAUL PINELLA, | ) | Hon. Edward F. Harrington |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMCAST CORPORATION | ) | |
| and AT&T BROADBAND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

Defendants, Comcast Corporation and AT&T Broadband (collectively "Comcast" or

"Defendants"),[1] pursuant to Fed. R. Civ. P. 26(c) and D. Mass. LR 37.1, move for entry of a

protective order related to deposition topics and certain categories of documents listed in the

Notice of Rule 30(b)(6) Deposition to Defendants (the "30(b)(6) Deposition Notice").

**INTRODUCTION**

Defendants have moved to compel arbitration of the Plaintiffs' claims in this action.

Plaintiffs have responded by noticing a Rule 30(b)(6) deposition of the Defendants and seeking a

broad range of discovery unrelated to the pending motion. The discovery Plaintiffs have

requested in the 30(b)(6) Deposition Notice is overly broad and utterly irrelevant to the limited

issues needed to respond to the pending Motion to Compel Arbitration. For this reason,

Defendants seek a protective order limiting the scope of the pending deposition to topics

germane to the pending Motion to Compel Arbitration.

---

[1]      Defendants make a special appearance for purposes of this Motion for Protective Order and reserve all
rights they may have to challenge personal jurisdiction over them.

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"), limits the extent to which

Plaintiffs can impose upon Defendants seeking to compel arbitration. Arbitration-related

discovery is limited to the two narrow issues of: a) whether the named plaintiffs entered into a

valid arbitration agreement, and if so, b) whether the dispute in question is within the scope of

the arbitration provision. See H.L. Libby Corp. v. Skelly and Loy, Inc., 910 F. Supp. 195, 199

(M.D. Pa. 1995); 9 U.S.C. §§ 3-4.[2] Because Plaintiffs seek to examine Defendants on issues that

far exceed the scope of relevant discovery, Defendants accordingly move, pursuant to Rule

26(c), for an order that certain discovery not be had, or that the requested discovery be limited to

certain matters, as more fully set forth below.

## ARGUMENT

### A.    STANDARD OF REVIEW: THE PARTIES' RECIPROCAL OBLIGATIONS UNDER RULE 30(b)(6).

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides for the appointment of a

corporate designee to testify on behalf of a corporate entity on matters designated by the

deposing party. Under the rule, the parties have reciprocal obligations, in that the requesting

party must "describe with reasonable particularity the matters on which examination is

requested" and the corporation must produce an individual with knowledge of those matters.

Fed. R. Civ. P. 30(b)(6); see also Dwelly v. Yamaha Motor Corp., USA, 214 F.R.D. 537, 539-40

(D. Minn. 2003) ("the requesting party must reasonably particularize the subjects on which it

wishes to inquire . . ."). Designations under Rule 30(b)(6) are not limitless and parties seeking

discovery should not expect to obtain discovery on extraneous matters, such as facts going back

---

[2]     The parties set forth their differing views regarding the necessity and propriety of discovery pending Defendants' Motion to Compel Arbitration in their Local Rule 16.1 Statement. Defendants incorporate by reference their position regarding the need and propriety of taking discovery during the pendency of Defendants' Motion to Compel Arbitration. See Local Rule 16.1 Statement, pp. 8-12. This action was incorporated by reference in the Local Rule 16.1 Statement (p. 1 n.1) filed in the action styled Martha Kristian and James D. Masterman v. Comcast Corporation et al., No. 03CV12466 EFH (D. Mass) on or about March 26, 2004.

15 years. See, e.g., Barron v. Caterpillar, Inc., 168 F.R.D. 175, 177-78 (E.D. Pa. 1996)

(corporation not required to produce another 30(b)(6) designee to provide testimony about a

piece of equipment designed and manufactured 25 years prior to deposition).

**B.    PLAINTIFFS' REQUESTS FOR ALL OF COMCAST'S POLICIES AND
        PRACTICES OVER THE LAST 15 YEARS IS OVERLY BROAD AND
        IRRELEVANT TO THE ISSUE OF THE ENFORCEMENT OF THE
        ARBITRATION PROVISION.**

**(Deposition Topics 1, 3, and 11; Requested Documents Categories 1, 2, and 3)**

Plaintiffs seek discovery of a broad category of testimony and documents related to **every**

Comcast policy and practice over the last 15 years, whether related to arbitration or not.

Additionally, Plaintiffs seek discovery of arbitration provisions used by competitor companies.

These discovery requests, contained in Deposition Topics 1, 3, and 11 and Requested Document

Categories 1, 2, and 3, are set forth verbatim below:

### DEPOSITION TOPICS

1.      For the period from January 1, 1989 to the present, the identity, location,
preparation and dissemination of **all documents relating to Comcast's policies and practices**,
including without limitation, those concerning the origination, implementation, enforcement of
or compliance with any arbitration provision used by Comcast in connection with the provision
of cable services.

3.      For the period from January 1, 1989 to the present, **mailings or other documents
Comcast may have sent** or provided to its cable customers or subscribers in the Greater Boston
Area informing your cable customers or subscribers of **any changes in Comcast's policies and
practices**, including without limitation the adoption, existence, changes in or contents of any
arbitration provision.

11.      **Information concerning, and the identity and location of documents
pertaining to, any arbitration provision used by any competitor company** that provides cable
programming services in the Greater Boston Area and that uses an arbitration provision with
respect to the provision of cable programming services to its customers.

### REQUESTED DOCUMENTS

1.      Complete copies of each and every version of an arbitration provision you claim
to have provided to your cable customers or subscribers in the Greater Boston Area, together

with any and all documents indicating the time period during which each such arbitration provision was in effect, or was used by Comcast (which, as used here and throughout these requests, has the meaning set forth in the Definitions section and includes, without limitation, Comcast's predecessors, specifically including AT&T Broadband Corp., AT&T Broadband, LLC, MediaOne Group, Inc., and MediaOne of Delaware, Inc.).

2.     For the period from January 1, 1989 to the present, an original of each mailing in the exact format, manner, envelope or other packaging as sent, which mailing was sent by or on behalf of Comcast to any of your cable customers in the Greater Boston Area and which contained information about Comcast's policies or practices, including, without limitation, any arbitration provision and/or provided notice to the recipient of any arbitration provision used by you, together with any documents showing the date on which you sent each such mailing.

3.     For the period from January 1, 1989 to the present, all documents relating to the cable subscriber files or accounts of each of the Plaintiffs in this action, including, without limitation, each and every statement or notice of your cable policies and practices; installation or work orders; "welcome kits"; any document containing an arbitration provision, and any document showing the inclusive dates during which any and each document containing an arbitration provision was in effect; any document evidencing the mailing, receipt and/or provision of an arbitration provision to the Plaintiff; bills; invoices; payments; pricing; contract; notices; and any complaint or inquiry and any responses and any communications relating to any such complaint or inquiry.

The above Deposition Topics and Requested Documents Categories are objectionable

because they are all overly broad and not reasonably calculated to lead to the discovery of

admissible evidence. Where a party has moved to compel arbitration under the Federal

Arbitration Act, "a federal court may consider only issues relating to the making and

performance of the agreement to arbitrate." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388

U.S. 395, 404 (1967). Over the course of several discussions between the parties, Plaintiffs have

never explained how the discovery they seek related to all Comcast policies and practices,

whether containing an arbitration clause or not (or the arbitration clauses used by Defendants'

competitors), is related to the making and performance of the agreement to arbitrate that

Defendants seek to enforce in this action.

More specifically, 15 years worth of information and documents concerning Comcast's

policies is simply irrelevant to the limited issues needed to decide Defendants' pending Motion

4

to Compel Arbitration. The only information relevant is that pertaining to: a) whether the named

plaintiffs entered into a valid arbitration agreement, and if so, b) whether the dispute in question

is within the scope of the arbitration provision. H.L. Libby Corp. v. Skelly and Loy, Inc., 910 F.

Supp. 195, 199 (M.D. Pa. 1995); see also 9 U.S.C. §§ 3-4; Aetna Cas. & Sur. Co. v. Richard I.

Rubin & Co., No. 94-3024, 1994 WL 683376, at *6 (E.D. Pa. Nov. 29, 1994) (denying motion to

take discovery where discovery sought was not relevant to resolution of pending motion to stay

action and compel arbitration); Thomas O'Connor & Co., Inc. v. Ins. Co. of No. Am., 697 F.

Supp. 563, 567 (D. Mass. 1988) (denying plaintiff's request for "limited discovery,"

notwithstanding stay of proceedings pending arbitration, as "allowing such discovery . . . even on

a limited basis, would essentially provide the plaintiff with two forums to hear its single claim,

and would thereby frustrate the purposes of the [Federal Arbitration] Act . . ."); Lummus Co. v.

Commonwealth Oil Ref. Co., Inc., 273 F.2d 613, 613-14 (1st Cir. 1959) ("It seems clear that if

arbitration is to be had of the entire dispute, appellee's right to discovery must be far more

restricted than if the case remains in a federal court for plenary trial . . .").[3]

Defendants have offered and are willing to produce documents and testimony relevant to

the arbitration provision binding on the Plaintiffs in this action that Defendants seek to enforce,

but object to the disclosure of any other discovery outside the scope of whether Plaintiffs entered

into a valid arbitration agreement and whether the dispute in this action falls within the

arbitration provision. For instance, past policies do not impact on whether there is a valid

arbitration agreement covering Plaintiffs' allegations in the Amended Complaint. Accordingly,

---

[3]    See also Horner, Townsend & Kent, Inc. v. Hamilton, 218 F. Supp. 2d 1369, 1384-85 (N.D. Ga. 2002) (limiting discovery solely to the making of the arbitration agreement and rejecting attempts to reach other issues); Simula, Inc. v. AutoLiv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (affirming denial of motion to conduct pre-arbitration discovery); First Family Fin. Serv., Inc. v. Sanford, 203 F. Supp. 2d 662, 668 (N.D. Miss. 2002) (denying motion for discovery on issue of whether arbitration agreement could "be set aside on sufficient grounds.").

because Plaintiffs seek discovery into matters outside of these limited issues, Defendants seek a

protective order that the discovery requested in Deposition Topics 1, 3, and 11 and Document

Categories 1, 2 and 3 contained in the Rule 30(b)(6) Deposition Notice not be had, or that the

discovery sought therein be appropriately limited in scope.

**C.    PLAINTIFFS REQUESTS FOR DEFENDANTS' INTERNAL ORGANIZATION AND PROCEDURES IS IRRELEVANT TO THE ENFORCEMENT OF THE ARBITRATION PROVISION.**

**(Deposition Topics 2 and 10; Requested Documents Categories 6, 7, 8, and 11)**

Plaintiffs also seek discovery of a broad category of testimony and documents related to

the identities, responsibilities and roles of all Comcast employees or agents who were involved

in making the decision to adopt or change **any** Comcast policies or practices over the past 15

years. Plaintiffs requests also include inquiry into the training of Comcast employees and how

they respond to inquiries concerning arbitration. This requested discovery, contained in

Deposition Topics 2 and 10 and Requested Documents Category 6, 7, 8, and 11, is set forth

verbatim below:

<u>DEPOSITION TOPICS</u>

2.    For the period from January 1, 1989 to the present, the identity, responsibilities and **roles of all employees** or agents of Comcast who made, or were involved in making, the decision to adopt or change any Comcast policies or practices, including, without limitation, any arbitration provision in connection with a subscriber's use of Comcast's cable services. This includes, without limitation, the following subjects:

(a)    **Any changes in or revisions to Comcast's practices or policies;**

(b)    The drafting and/or approval of any arbitration provision considered or used by Comcast;

(c)    Preparing, approving or disseminating mailings or other notices relating to any such arbitration provision;

(d)    **Training Comcast employees about any arbitration provision;**

6

    (e)     Informing Comcast's cable customers or subscribers about any arbitration provision;

    (f)     **Receiving or responding to inquiries or complaints from customers,** including inquiries or complaints concerning arbitration.

10.     For the period from January 1, 1989 to the present, the identity, responsibilities and roles of **any Comcast employee or representative having any authority to change the language in any contract** or agreement for the provision cable services by Comcast, including any change in the language contained in any arbitration provision used by Comcast.

## REQUESTED DOCUMENTS

6.     All documents used by Comcast in training your employees or agents concerning any arbitration provision used by you in the provision of cable services.

7.     All documents used by you in educating or informing Comcast's cable subscribers about any arbitration provision used by you.

8.     All documents, including, without limitation, personnel directories, organizational charts or minute meetings, sufficient to identify all persons in your company who had or have any responsibility concerning the decision to include an arbitration provision in any documents provided to your cable customers or subscribers.

11.     All documents, including scripts, training materials, question and answer formats or other documents designed or used to inform, train, or be used by customer service representatives or other agents or employees of your company in responding to inquiries about arbitration.

The above Deposition Topics and Requested Documents Categories are objectionable because they are all overly broad and not reasonably calculated to lead to the discovery of admissible evidence.[4] Plaintiffs seek discovery of all information related to "the decision to adopt or change <u>any</u> Comcast policies or practices" over the past 15 years (Deposition Topic 2), whether related to arbitration or not, as well as related to all Comcast representatives "having any authority to change the language in any contract or agreement for the provision of cable services

---

[4]     Additionally, Deposition Topic 12 and Requested Document Categories 4(a) through (d) would similarly be objectionable because the discovery sought is overly broad and irrelevant. However, assuming that the "research" identified in these discovery requests is limited to empirical research, then, without waiving objection, Defendants respond by stating that they have not been able to locate any information or documents responsive to these categories of requested discovery.

by Comcast" (Deposition Topic 10). But they have never explained how this information is related to the making and performance of the agreement to arbitrate that Defendants seek to enforce in this action. Similarly, discovery related to the training of Comcast employees (Deposition Topic 2(d); Requested Document Categories 6 and 11) or related to any customer inquiry and complaint system (Deposition Topic 2(f); Requested Document Category 7) is irrelevant to determining the pending Motion to Compel Arbitration. To Defendants' knowledge none of the named Plaintiffs have ever contacted Comcast to inquire or emplaint about their agreement to arbitrate disputes. Plaintiffs also offer no explanation of how this discovery could be related to the making and performance of the agreement to arbitrate that Defendants seek to enforce in this action.

Also, the drafting, preparing, and approving of 15 years worth of mailings (Deposition Topics 2(b) and (c)) is simply irrelevant to the limited issues needed to decide: a) whether the named plaintiffs entered into a valid arbitration agreement, and if so, b) whether the dispute in question is within the scope of the arbitration provision.

Defendants have offered and are willing to produce documents and testimony relevant to the dissemination of the arbitration provision binding on the Plaintiffs in this action that Defendants seek to enforce, but object to the disclosure of any other discovery outside the scope of whether Plaintiffs entered into a valid arbitration agreement and whether the dispute in this action falls within the arbitration provision. Accordingly, because Plaintiffs seek discovery into matters outside of these limited issues, Defendants seek a protective order that the discovery requested in Deposition Topics 2 and 10 and Document Categories 6, 7, 8, and 11 contained in the Rule 30(b)(6) Deposition Notice not be had, or that the discovery sought therein be appropriately limited in scope.

8

## D. PLAINTIFFS' DISCOVERY REQUESTS RELATED TO PRIOR LITIGATION WITH COMCAST SUBSCRIBERS ARE IRRELEVANT TO THE ENFORCEMENT OF THE ARBITRATION PROVISION.

**(Deposition Topics 8 and 9)**

In their Rule 30(b)(6) Deposition Notice, Plaintiffs seek discovery related to prior litigation involving Comcast subscribers who are not named Plaintiffs in this action. This requested discovery, contained in Deposition Topics 8 and 9, is set forth verbatim below:

DEPOSITION TOPICS

8. Lawsuits filed against Comcast by cable customers or subscribers during the three (3) year period immediately before Comcast first utilized an arbitration provision in connection with providing cable services to its customers.

9. Lawsuits brought by Comcast against any of its cable customers or subscribers.

These requests are objectionable because they are all overly broad and not reasonably calculated to lead to the discovery of admissible evidence.[5] Plaintiffs do not explain how this previous litigation with other Comcast subscribers is related to the making and performance of the agreement to arbitrate with the named Plaintiffs. The requested discovery is irrelevant to the limited issues needed to decide: a) whether the named plaintiffs entered into a valid arbitration agreement, and if so, b) whether the dispute in question is within the scope of the arbitration provision.[6]

Accordingly, Defendants seek a protective order that the discovery requested in Deposition Topics 8 and 9 contained in the Rule 30(b)(6) Deposition Notice not be had, or that the discovery sought therein be appropriately limited in scope.

---

[5] Additionally, Deposition Topics 7 and 14 related to previous arbitrations are similarly objectionable because the discovery sought is overly broad and irrelevant. However, without waiving objection, Defendants respond by stating that they have not been able to locate information or documents responsive to these categories of requested discovery.

[6] Further, Plaintiffs cannot articulate a need for such information because they are capable of obtaining this public information on their own.

**E.    PLAINTIFFS' REQUEST FOR DISCOVERY OF ALL COMMUNICATIONS ABOUT ARBITRATION CLAUSES WITH THIRD PARTIES IS IRRELEVANT.**

**(Deposition Topics 4, 5, and 6; Requested Documents Categories 5 and 10)**

In their Rule 30(b)(6) Deposition Notice, Plaintiffs also seek discovery related to

meetings and communications with third parties to this action, including other cable companies

and the three arbitration organizations (AAA, JAMS, and NAF) listed in the arbitration provision

sought to be enforced in Defendants' Motion to Compel Arbitration. This requested discovery,

contained in Deposition Topics 4, 5, and 6 and Requested Documents Categories 5 and 10, is set

forth verbatim below:

## DEPOSITION TOPICS

4.    Communications and meetings with any other cable company concerning arbitration provisions used in connection with the provision of cable services.

5.    Meetings, including any trade association meeting, attended by any Comcast employee at which arbitration or arbitration clauses in connection with the provision of cable services was discussed.

6.    Communications between Comcast and any employee of or arbitrator associated with AAA, JAMS or NAF relating to any arbitration provision used by Comcast in connection with the provision of cable services.

## REQUESTED DOCUMENTS

5.    All letters, memos, e-mails and other documents relating to any and all communications between you and AAA, JAMS and/or NAF concerning arbitration or any arbitration provision utilized by you.

10.    All documents relating to any communication between Comcast and AAA, JAMS or NAF relating to any proposal to provide arbitration services, any solicitation from each of the foregoing arbitration providers to provide arbitration services, any documents relating to the terms, conditions and pricing governing such arbitration services and any document relating to your decision to utilize the arbitration services of each of the foregoing arbitration providers.

The above Deposition Topics are objectionable because they are all overly broad and not

reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs offer no

explanation of how communications with other cable companies (Deposition Topic 4), communications at trade association meetings (Deposition Topic 5), or communications with the AAA, JAMS or NAF is related to the negotiation and performance of the agreement to arbitrate with Plaintiffs. The requested discovery is irrelevant to the limited issues of: a) whether the named plaintiffs entered into a valid arbitration agreement, and if so, b) whether the dispute in question is within the scope of the arbitration provision.

Additionally, to the extent that the discovery sought with regard to communications with AAA, JAMS and NAF is for the purpose of determining the existence of a perceived bias against cable subscribers or other consumers, this reason in and of itself is insufficient to permit such discovery. Plaintiffs have the option of using any one of the three proposed arbitration organizations. At least one of the arbitration organizations, the AAA, has taken precautions against any such bias by publishing *The Code of Ethics for Arbitrators in Commercial Disputes*. See, e.g., Smith v. Steinkamp, No. IP01-1290-CII/S, 2002 WL 1364161, at *7 (S.D. Ind. May 22, 2002) (compelling arbitration of Fair Debt Collection Practices claims of "payday loan" borrowers and denying discovery related to the alleged bias of arbitration organizations proposed in their arbitration agreement). Hence, discovery into any alleged or perceived bias of the arbitration organizations is not only unfounded, but unnecessary to decide the Motion to Compel Arbitration.

Here, Plaintiffs seek discovery of matters outside of the limited issues of permissible discovery during the pendency of a Motion to Compel Arbitration, and accordingly, Defendants seek a protective order that the discovery requested in Deposition Topics 4, 5, and 6 and Requested Documents Categories 5 and 10 contained in the Rule 30(b)(6) Deposition Notice not be had, or that the discovery sought therein be appropriately limited in scope.

F.    **DEFENDANTS SHOULD NOT BE REQUIRED TO RESPOND TO DISCOVERY RELATED TO THE COSTS OF ARBITRATION.**

### (Deposition Topic 13)

Finally, in their Rule 30(b)(6) Deposition Notice, Plaintiffs seek discovery related to the fees and costs of arbitration conducted by the AAA, JAMS or the NAF. This requested discovery, contained in Deposition Topic 13, is set forth verbatim below:

### DEPOSITION TOPIC

13.    The costs of arbitration for the cable subscriber and for Comcast, including without limitation, any fees or costs imposed by AAA, JAMS or NAF, and the fees, expenses or costs of the arbitrators.

Deposition Topic 13 is objectionable because it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs offer no explanation of how the costs of arbitration would bear any relevance to the making and performance of the agreement to arbitrate that Defendants seek to enforce in this action. The requested discovery is irrelevant to the limited issues needed to decide: a) whether the named plaintiffs entered into a valid arbitration agreement, and if so, b) whether the dispute in question is within the scope of the arbitration provision. Moreover, federal district courts routinely deny discovery related to the costs of arbitration because fee schedules for arbitration schedules – *e.g.*, general information for AAA at http://www.adr.org – is readily accessible to the party requesting it. See, e.g., Smith, 2002 WL 1364161, at *6 (concluding that the costs of discovery related to costs of arbitration outweighed the potential benefits and that such discovery appeared "to have no important purpose other than to delay arbitration."); see also Bank One, N.A. v. Coates, 125 F. Supp. 2d 819, 828 (S.D. Miss. 2001) (compelling arbitration of credit card holders' claims against credit card issuer and denying discovery "on the subject of 'what the arbitration entails – its costs, its procedures, etc.'").

12

Here, Plaintiffs seek discovery of matters outside of the limited issues of permissible discovery during the pendency of a Motion to Compel Arbitration, and accordingly, Defendants seek a protective order that the discovery requested in Deposition Topic 13 contained in the Rule 30(b)(6) Deposition Notice not be had, or that the discovery sought therein be appropriately limited in scope.

## CONCLUSION

For the foregoing reasons, pursuant to Rule 26(c) and Local Rule 26.1, Defendants respectfully request that the Court enter a protective order that discovery requested in Plaintiffs' Notice of Rule 30(b)(6) Deposition to Defendants not be had of the above deposition topics and categories of documents, or that the scope of discovery related to these matters be limited.

DATED this _11th_ day of May, 2004.

Respectfully submitted,

Mark A. Berthiaume (B.B.O. # 041715)
Christopher Robertson (B.B.O. # 642094)
Seyfarth Shaw LLP
World Trade Center East, Suite 300
Two Seaport Lane
Boston, MA  02210-2028
Telephone:  (617) 946-4800
Facsimile: (617) 946-4801

Christopher M. Curran
Jaime A. Bianchi
George L. Paul
White & Case LLP
601 Thirteenth Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he has caused to be served a copy of **Defendants'**

**Memorandum of Law in Support of Motion for Protective Order** upon the parties listed on

the attached Service List via U.S. Mail on the _11th_ day of May, 2004.

Christopher F. Robertson

## ROGERS – SERVICE LIST

| | |
|---|---|
| John Peter Zavez, Esq.<br>Noah Rosmarin, Esq.<br>ADKINS KELSTON & ZAVEZ, P.C.<br>90 Canal Street<br>Boston, MA 02114<br>Telephone:    (617) 637-1040<br>Facsimile:    (617) 742-8280 | Ann D. White, Esq.<br>Carol A. Mager, Esq.<br>MAGER WHITE & GOLDSTEIN, LLP<br>One Pitcairn Place, Suite 2400<br>165 Township Line Road<br>Jenkintown, PA 19046<br>Telephone:    (215) 481-0273<br>Facsimile:    (215) 481-0271 |
| Samuel D. Heins, Esq.<br>Stacey L. Mills, Esq.<br>Alan I. Gilbert, Esq.<br>Daniel C. Hedlund, Esq.<br>David Woodward, Esq.<br>HEINS MILLS & OLSON, P.L.C.<br>3550 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone:    (612) 338-4605<br>Facsimile:    (612) 338-4692 | Barry Barnett, Esq.<br>Max Tribble, Jr., Esq.<br>SUSMAN GODFREY LLP<br>901 Main Street, Suite 4100<br>Dallas, TX 75202<br>Telephone:    (214) 754-1900<br>Facsimile:    (214) 754-1933 |
| Jonathan Shaw, Esq.<br>SUSMAN GODFREY LLP<br>1201 Third Avenue, Suite 3100<br>Seattle, WA 98101<br>Telephone:    (206) 516-3836<br>Facsimile:    (206) 516-3883 | Robert N. Zaplan, Esq.<br>Gregory K. Arenson, Esq.<br>Christine M. Fox, Esq.<br>KAPLAN FOX & KILSHEIMER LLP<br>805 Third Avenue, 22nd Floor<br>New York, NY 10022<br>Telephone:    (212) 687-1980<br>Facsimile:    (212) 687-7714 |
| Lynn Lincoln Sarko, Esq.<br>Mark A. Griffin, Esq.<br>John H. Bright, Esq.<br>Raymond J. Farrow, Esq.<br>KELLER ROHRBACK, L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98103<br>Telephone:    (206) 623-1900<br>Facsimile:    (206) 623-3384 | Michael Hausfeld, Esq.<br>Stewart Weltman, Esq.<br>COHEN, MILSTEIN, HAUSFELD<br>& TOLL, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, DC 20005<br>Telephone:    (202) 408-4600<br>Facsimile:    (202) 408-4699 |