an integration clause.[11]

The court in *In re Universal Service Fund Telephone Billing Practices Litigation*, 300 F. Supp. 2d 1107 (D. Kan. 2003) similarly refused to give retroactive effect to an arbitration clause substantially identical to the one at issue here. The arbitration clause in that case provided:

> All disputes arising out of or related to *this Agreement* (whether based in contract, tort, statute, fraud, misrepresentation or any other legal or equitable theory) must be resolved by final and binding arbitration. This includes any dispute based on any product, service, or advertising having a connection with *this Agreement* . . . .

*Id.* at 1132 (emphasis in original). Chief Judge Lungstrum held that claims pre-dating the arbitration clause were not subject to arbitration. *Id.* at 1133. Other courts have reached the same conclusion.[12]

The pre-agreement claims simply fall outside of the scope of the arbitration clauses. Thus, even if the Court determines that one or both of the arbitration clauses are valid, they cannot be applied to any claims that pre-date the imposition of the arbitration provision.

---

[11] *DeLuca v. Bear Stearns & Co., Inc.*, 175 F. Supp. 2d 102 (D. Mass. 2001), cited by defendants, is inapposite. *DeLuca*, an employment discrimination case involving a question of consideration, does not address the issue of the retroactive application of an arbitration clause or the contract formation and modification issues of knowing consent involved in this case.

[12] *See Long v. Fidelity Water Sys.*, No. C-97-20118, 2000 WL 989914, at *2, *4 (N.D. Cal. May 26, 2000) (denying motion to compel arbitration in part on ground that agreement to arbitrate "[a]ny claim, dispute, or controversy . . . arising from or relating to this Agreement or the relationship which result[s] from this Agreement" did not "clearly and unequivocally apply to existing claims" so as to permit retroactive effect); *Ariba, Inc. v. Faulks*, No. Civ.A. 3:03-CV-0093, 2003 WL 21414769, at * 3 (N.D. Tex. June 13, 2003) (addition of an arbitration clause to later policies did not retroactively apply to prior policies despite inclusion of an integration clause, finding new policy "contains no language that indicates the parties intended to retroactively renegotiate the arbitration provisions of the prior policies..."); *Fehribach v. Ernst and Young, LLP*, NO., 1:02-CV-01270, 2003 WL 1906136, at *4 (S.D. Ind. Jan. 6, 2003) (finding no agreement to arbitrate claims based on "later arbitration clause that, on all appearances, lacks retroactive reach.")

## CONCLUSION

Based on the foregoing, Class Plaintiffs respectfully request the Court deny Comcast's Motion in all respects.

## PLAINTIFFS REQUEST ORAL ARGUMENT.

Respectfully submitted,

*Samuel D. Heins*

Samuel D. Heins
Stacey L. Mills
Alan I. Gilbert
David Woodward
Jessica N. Servais
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-4605
Fax: (612) 338-4692

John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA 02114
Tel: (617) 367-1040
Fax: (617) 742-8280

Ann D. White
Carol A. Mager
MAGER WHITE & GOLDSTEIN, LLP
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Tel: (215) 481-0273
Fax: (215) 481-0271

Barry Barnett
Max Tribble, Jr.
SUSMAN GODFREY LLP
901 Main Street, Suite 4100
Dallas, TX 75202
Tel: (214) 754-1900

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/04.

*Noah R.*

Fax: (214) 754-1933

Jonathan Shaw
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3100
Seattle, WA 98101
Tel: (206) 516-3836
Fax: (206) 516-3883

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Michael Hausfeld
Stewart Weltman
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901
Tel: (215) 230-8043
Fax: (215) 230-8735

**ATTORNEYS FOR PLAINTIFFS**

draw their attention to the arbitration provisions it is now attempting to enforce. Devine Depo. at 54:4-56:6, 60:6-63:1. The evidence instead shows that Comcast buried the arbitration provisions on the fourth and fifth pages of the Policies and Practices while suggesting on the first page that "procedures for the resolution of complaints" related solely to "television signal quality, installation and service maintenance policies ...." *See* Devine Aff., Exs. A-B. These mailings did not "notify" subscribers (let alone give 30 days advance notice) that Comcast had made any "change" to the Pre-Existing Subscription Agreements and did not constitute a "notice informing" them of "any changes" or their "Effective Date." *See id.* Neither the 2002 nor the 2003 Policies and Procedures complied with Comcast's own requirements or FCC regulations for changing the Pre-Existing Subscription Agreements.

## V. THE ARBITRATION PROVISIONS DO NOT GOVERN CLAIMS THAT AROSE BEFORE THEY ALLEGEDLY TOOK EFFECT

Comcast's arbitration provisions by their terms apply, if at all, to claims that postdate the New Subscription Agreements. Each version of the clause restricts arbitrable claims to those "RELATED TO," "RELATING TO," or "ARISING OUT OF" the New Subscription Agreements or the "SERVICES PROVIDED" or the "SERVICE PROVIDED UNDER THIS AGREEMENT". Policies & Practices § 10, Devine Aff. Exs. A-B. Claims that arose before the New Subscription Agreements existed plainly do not relate to or arise out of the agreements or the services Comcast provided before they took effect. There is no basis for compelling arbitration of pre-existing claims.

The First Circuit refused to apply retroactively an even more broadly worded arbitration provision in *Choice Sec. Sys., Inc. v. AT&T Corp.*, 141 F.2d 1149 (1st Cir. 1998). In that case, a contract, like here, was modified to include an arbitration clause. The court concluded that the arbitration requirement, which referred "to all disputes ... arising out of or relating to products furnished pursuant to this agreement," did not apply to disputes arising before the agreement was changed to require arbitration. *Id.* at \*\*1. The court reached this result even though, as it noted, the subject contract integrated prior agreements through

modification provision of the prior agreement Pinella executed with AT&T Broadband. Similarly, Media One, another predecessor company of AT&T Broadband and Comcast, used Terms and Conditions in the Boston cluster during 1999, including the change in rates and charges provision, that were identical to the AT&T Broadband Terms and Conditions referred to above. *Id.* ¶ 4, Ex. 2. Again, although Media One specifically allowed for a modification of rates and charges in its subscriber agreements, like Pinella's agreement with AT&T Broadband, it did not provide for any other subsequent modifications.

Even if the Court were to give Comcast the benefit of the doubt (contrary to *Par-Knit, supra*) by assuming (without any evidentiary support) that the amendment procedures in the New Subscription Agreements were also in the Pre-Existing Subscription Agreements, Comcast still has not established the requisite assent to the arbitration provisions. That is because Comcast has not complied with the strict limitations the amendment language in the New Subscription Agreements impose on Comcast's ability to make unilateral changes.

The New Subscription Agreements for the Boston area provide that Comcast "may change the [Policies and Procedures] in the future and will notify you if that occurs." Policies & Procedures, Devine Aff., Exs. A-B. They also promise that "[w]e will send you a written, electronic, or other appropriate notice informing you of any changes and the Effective date" and concludes that, "if you continue to receive Service after the Effective Date of the change, we will consider this your acceptance of the change." *Id.* FCC regulations also require advance thirty day notice of any "significant changes" to the conditions of subscribership. 47 C.F.R. §§ 76.1602 and 76.1603.

The record contains no evidence that Comcast satisfied these requirements. It claims to have mailed to the Class Plaintiffs New Subscription Agreements as stuffers to either a price change notification in November/December 2002 or as billing statement in November/December 2003. *See* Devine Aff. ¶ 3-4. However, Comcast admits that it did nothing to notify subscribers of *any* changes or to

---

309 F.3d at 419 n.6.

18