UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Jack Rogers and Paul Pinella, <br><br> Plaintiffs, <br><br> v. <br><br> Comcast Corporation <br> and AT&T Broadband, <br><br> Defendants. | Civil Action No.: 04-10142 EFH |

### DECLARATION OF HOWARD J. SEDRAN

I, Howard J. Sedran, declare as follows:

1.  I make this declaration based on my personal knowledge and in connection with Class Plaintiffs' Opposition to Defendants' Motion to Compel Arbitration.

2.  I am an attorney duly licensed to practice in the Commonwealth of Pennsylvania. I am also a member in good standing of the bar of the District of Columbia.

3.  I am currently a partner of the law firm of Levin, Fishbein, Sedran and Berman in Philadelphia, Pennsylvania. During the course of my 26 years of practicing law, I have litigated numerous complex cases, as reflected in my biography attached hereto. I have had extensive experience in the litigation of class actions, including antitrust actions, in both state and federal courts. My primary practice area is antitrust class action litigation.

4.  Plaintiffs' counsel have asked me whether the arbitration provisions found in AT&T's Broadband "Policies and Practices" and Comcast's "Policies and Practices" would effectively preclude the ability of cable subscribers, including plaintiffs, to pursue their antitrust claims in this matter. The answer is yes for the reasons described below.

5. The arbitration provisions prohibit any class action claims in arbitration. AT&T Broadband's and Comcast's "Policies and Practices" arbitration clauses (Devine Affidavit, Exs. A and B, ¶ 10) provide: "There shall be no right or authority for any claims to be arbitrated on a class action or consolidated basis or on bases involving claims brought in a purported representative capacity on behalf of the general public (such as a private attorney general), other subscribers, or other persons similarly situated unless your state's laws provide otherwise."

6. Comcast's and AT&T Broadband's arbitration clauses require that the cable subscriber assume his or her costs incurred in arbitration, including, but not limited to, expert witness and attorney fees. Both Comcast's and AT&T Broadband's arbitration clauses in their "Policies and Practices" (¶ 10) provide, in part, that Ayou are responsible for all costs that you incur in the arbitration, including, but not limited to, your expert witnesses or attorneys."

7. Comcast's and AT&T Broadband's arbitration clauses require the cable subscriber to contact the company within one year of the date of the occurrence underlying the dispute and provide that the subscriber waives his or her right to pursue the claim if the subscriber fails to contact the company within one year. The arbitration provisions contained in Comcast's and AT&T Broadband's "Policies and Practices" documents provide, in part: "You must contact us within one (1) year of the date of the occurrence of the event or facts giving rise to a dispute (except for billing disputes which are subject to paragraph 3, rates and charges, above), or you waive the right to pursue a claim based upon such event, facts or dispute." (Devine Aff., Exs. A and B, ¶ 10).

8. Comcast's and AT&T Broadband's arbitration clauses contained in their "Policies and Practices" documents further provide: "Moreover, participating in arbitration may result in limited discovery." (Devine Aff., Exs. A and B, ¶ 10). These provisions would likely limit the ability of a consumer to prove his or her case because this antitrust litigation will require extensive discovery as is explained below.

9. Having reviewed plaintiffs' Complaint in this matter, I do not believe that plaintiffs would be able to find competent and rational counsel to pursue their antitrust claims on a contingent basis in arbitration under the terms of defendants' arbitration clauses. Pursuing plaintiffs' claims will require the expenditure of large resources in terms of attorney time and expense. Prosecuting an antitrust claim such as this type of case is complex and expensive. There are numerous factual and economic issues that require analysis, including: defining the product market and geographic market; assessing defendants' relative market share; analyzing the nature of potential competition, including any barriers to entry; and examining the nature and effect of swapping agreements and asset purchases and mergers. Additionally, the calculation of damages is another complex and expensive task. In order to effectively undertake these analyses, plaintiffs' counsel would likely be required to review large volumes of business records from defendants and other sources and engage in extensive depositions. Based upon my experience in complex antitrust cases, it is reasonable to expect that competent attorneys would be required to expend several million dollars of attorneys' time and hundreds of thousands of dollars in expenses, including expert witness fees.

10. Comcast's and AT&T Broadband's arbitration provisions, including, without limitation, their prohibition against proceeding in arbitration on a class-wide basis and the requirement that the cable subscriber pay his or her own expert witness fees and attorneys' fees, even if successful, will preclude successful prosecution of plaintiffs' antitrust claims because no rational consumer could be expected to advance these enormous costs with the prospect of a nominal recovery. Indeed, no competent and ethical attorney could be expected to advise a client to pursue such antitrust claims on an individual basis under these economic circumstances.

11. More pertinent is the fact that aggrieved consumers such as the plaintiffs would not be able to obtain competent counsel to represent them in arbitration on a strictly contingent basis with respect to these claims under the terms of Comcast's and AT&T's Broadband's arbitration provisions and the other provisions described in this Declaration. Through my experience in handling antitrust

matters on a contingent basis, I am familiar with many or most of the firms that handle this type of litigation. In addition, my firm handles other contingent matters and I am familiar with the basic economic factors that affect the ability of an attorney to handle contingent fee matters. It should not surprise anyone that a qualified attorney would not pursue a few individual cases on a contingent basis where even a victory would result in the loss of millions of dollars of time and expense. Recently, I was asked to represent a class of consumers against a large bank with respect to some apparently misleading disclosures. Upon review of the matter, I concluded that the arbitration provisions in question prohibited the pursuit of class claims in arbitration. Accordingly, because of the economic factors involved in pursuing the litigation on a non-class basis, I declined the representation.

12. Comcast's and AT&T Broadband's Policies and Practices documents also limit the cable subscriber's damages to actual damages and waive the subscriber's rights to additional damages, including treble damages that are otherwise available under antitrust laws. Comcast's "Policies and Practices" and AT&T Broadband's "Policies and Practices" provide, in part, at ¶ 8 as follows:

> In no event shall we or our employees or agents have any liability for punitive, treble, exemplary, special, indirect, incidental or consequential damages resulting from our provision of or failure to provide any equipment or services to you, or from any fault, failure, deficiency or defect in service, labor, materials, work or equipment furnished to you, or from our billing, advertising or other practices which are in any way related to our offering or provision of services or equipment to you. Such limitation of liability applies in all circumstances, regardless of whether such damages may be available under applicable law, and the parties hereby waive their rights, if any, to recover any such damages.

13. The limitation of damages to actual damages and the prohibition against any additional damages, including treble damages, are inconsistent with and prevent the named plaintiffs from vindicating their antitrust claims which allow the recovery of treble damages and attorneys' fees.

14. The requirement contained in Comcast's and AT&T Broadband's arbitration clauses that the cable subscriber contact the company within one year of the date of the occurrence underlying the dispute, and that the subscriber purportedly waives his or her right to pursue the claim, if he or she

fails to do so, may effectively shorten the four-year statute of limitations period available under the antitrust laws.

15. In my opinion, the effect of all of these provisions, especially the provisions which bar class claims in arbitration, is to prevent the named plaintiffs from pursuing and vindicating their antitrust claims under the terms of Comcast's and AT&T Broadband's arbitration clauses and "Policies and Practices" documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 30, 2004
Philadelphia, Pennsylvania

*[signature]*
Howard J. Sedran

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/04

*[signature]*

# LEVIN, FISHBEIN, SEDRAN & BERMAN

## FIRM BIOGRAPHY

The law firm of Levin, Fishbein, Sedran & Berman (formerly known as Levin & Fishbein) was established on August 17, 1981. Earlier, the founding partners of Levin, Fishbein, Sedran & Berman, Messrs. Arnold Levin and Michael D. Fishbein, were with the law firm of Adler, Barish, Levin & Creskoff, a Philadelphia firm specializing in litigation. Arnold Levin was a senior partner in that firm and Michael D. Fishbein was an associate. Laurence S. Berman was also an associate in that firm.

The curricula vitae of the attorneys are as follows:

(a) **ARNOLD LEVIN**, a member of the firm, graduated from Temple University, B.S., in 1961, with Honors and Temple Law School, LLB, in 1964. He was Articles Editor of the Temple Law Quarterly. He is a member of the Philadelphia, Pennsylvania, American and International Bar Associations. He is a member of the Philadelphia Trial Lawyers Association, Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America. He is admitted to the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeals and the United States Supreme Court. He has appeared pro hac vice in various federal and state courts throughout the United States. He has lectured on class actions, environmental, antitrust and tort litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, The Association of Trial Lawyers of America, The Belli Seminars, the Philadelphia Bar Association, American Bar Association and the New York Law Journal Press.

Mr. Levin is a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America, and is co-chairman of the Antitrust Section of the Pennsylvania Trial Lawyers Association. He is a member of the Pennsylvania Trial Lawyers Consultation Committee, Class Action Section, a fellow of the Roscoe Pound Foundation and past Vice-Chairman of the

Maritime Insurance Law Committee of the American Bar Association. He is also a fellow of the International Society of Barristers. He also has an "av" rating in Martindale-Hubbell.

Mr. Levin is on the Executive Committee as well as various other committees and lead trial counsel in the case of *In re Asbestos School Litigation*, U.S.D.C., Eastern District of Pennsylvania, Master File No. 83-0268, which has been certified as a nationwide class action on behalf of all school districts. Mr. Levin is also on the Plaintiffs' Steering Committee in *In re Copley Pharmaceutical, Inc., "Albuterol" Products Liability Litigation*, MDL Docket No. 94-140-1013 (Dist. Wyoming); *In re Norplant Contraceptive Products Liability Litigation*, MDL No. 1038 (E.D. Tex.); and *In re Telectronics Pacing Systems, Inc., Accufix Atrial "J" Lead Products Liability Litigation*, MDL No. 1057 (S.D. Ohio).

Mr. Levin has been appointed by the Honorable Sam J. Pointer as a member of the plaintiffs' Steering Committee in the *Silicone Gel Breast Implants Products Liability Litigation*, Master File No. CV-92-P-10000-S. The Honorable Louis L. Bechtle recently appointed Mr. Levin as Co-Lead Counsel of the Plaintiffs' Legal Committee and Liaison Counsel in the MDL proceeding of *In re Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.). Mr. Levin also serves as Co-Chairman of Plaintiffs' Management Committee, Liaison Counsel, and Class Counsel in *In re Diet Drug Litigation*, MDL 1203 (settlement valued at $3.75 billion). He is also a member of a four lawyer Executive Committee in *In re Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.) and a member of a seven person Steering Committee in *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.). He is Chair of the State Liaison Committee in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, MDL 1407 (W.D.WA).

Mr. Levin is also a member of the Trial and Discovery Committees in the *Exxon Valdez Oil Spill Litigation*, No. 89-095 (D. Alaska) In addition, Mr. Levin is lead counsel in the prosecution of individual fishing permit holders, native corporations, native villages, native claims and business claims. He is also Co-Lead Counsel in the personal injury actions involving over 1,000 claimants involving the Three Mile Island incident in *In re TMI Litigation Cases Consolidated II*, Civil Action No. 1:88-1452 (M.D. Pa.).

(b) **MICHAEL D. FISHBEIN**, a member of the firm, is a graduate of Brown University (B.A., 1974). He graduated from Villanova University Law School with Honors, receiving a degree of Juris Doctor in 1977. Mr. Fishbein was a member of the Villanova Law Review and is a member of the Villanova University Law School Chapter of the Order of Coif. He is admitted to practice before the Pennsylvania Supreme Court, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals. Mr. Fishbein has been extensively involved in the prosecution of a variety of commercial class actions. He is Class Counsel in *In re Diet Drug Litigation*, MDL 1203, and the principal architect of the seminal National Diet Drug Settlement Agreement. He is also a member of the Plaintiffs' Steering Committee in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, MDL 1407 (W.D.WA).

(c) **HOWARD J. SEDRAN**, a member of the firm, graduated cum laude from the University of Miami School of Law in 1976. He was a law clerk to United States District Court Judge, C. Clyde Atkins, of the Southern District of Florida from 1976-1977. He is a member of the District of Columbia and Pennsylvania bars and is admitted to practice in various federal district and appellate courts. From 1977 to 1981, he was an associate at the Washington, D.C. firm of Howrey & Simon which specializes in antitrust and complex litigation. During that period he worked on the following antitrust class actions: *In re Uranium Antitrust Litigation*; *In re Fine Paper Antitrust Litigation*; *Bogosian v. Gulf Oil Corporation*; *FTC v. Exxon, et al.*; and *In re Petroleum Products Antitrust Litigation*.

In 1982, Mr. Sedran joined the firm of Levin, Fishbein, Sedran & Berman and has continued to practice in the areas of environmental, securities, antitrust and other complex litigation. Mr. Sedran also has extensive trial experience. In the area of environmental law, Mr. Sedran was responsible for the first certified "Superfund" class action.

As a result of his work in an environmental case in Missouri, Mr. Sedran was nominated to receive the Missouri Bar Foundation's outstanding young trial lawyer's award, the Lon Hocker Award.

Mr. Sedran has also actively participated in the following actions: *In re Dun & Bradstreet Credit Services Customer Litigation*, Civil Action Nos. C-1-89-026, C-1-89-051, 89-2245, 89-3994, 89-408 (S.D. Ohio); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre, et al. v. Syntex Agribusiness, Inc., et al.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re North Atlantic Air Travel Antitrust Litigation*, No. 84-1013 (D. D.C.); *Jaroslawicz v. Engelhard Corp.*, No. 84-3641 (D. N.J.); *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re EPIC Limited Partnership Securities Litigation*, Nos. 85-5036, 85-5059 (E.D. Pa.); *Rowther v. Merrill Lynch, et al.*, No. 85-Civ-3146 (S.D.N.Y.); *In re Hops Antitrust Litigation*, No. 84-4112 (E.D. Pa.); *In re Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re Catfish Antitrust Litigation*, MDL No. 928 (Plaintiffs' Executive Committee); *In re Carbon Dioxide Antitrust Litigation*, MDL No. 940 (N.D. Miss.) (Plaintiffs' Executive Committee); *In re Alcolac, Inc. Litigation*, No. CV490-261 (Marshall, Mo.); *In re Clozapine Antitrust Litigation*, MDL No. 874 (N.D. Ill.) (Plaintiffs' Co-Lead Counsel); *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.); *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, Civil Action No. 87-3713 (E.D. Pa.); *In re Airlines Antitrust Litigation*, MDL No. 861 (N.D. Ga.); *Lazy Oil, Inc. et al. v. Witco Corporation, et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re Nasdaq Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.) (Co-Chair Discovery); and *In re Travel Agency Commission Antitrust Litigation*, Master File No. 4-95-107 (D. Minn.) (Co-Chair Discovery); *Erie Forge and Steel, Inc. v. Cyprus Minerals Co.*, C.A. No. 94-0404 (W.D. Pa.) (Plaintiffs' Executive Committee); *In re Commercial Explosives Antitrust Litigation*, MDL No. 1093 (Plaintiffs' Co-Lead Counsel); *In re Brand Name Prescription Drug Antitrust Litigation*, MDL No. 997; *In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087; *In re Carpet Antitrust Litigation*, MDL 1075; *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (Discovery Co-Chair); *In re Commercial Tissue Products Antitrust Litigation*, MDL No. 1189; *In re Thermal Fax Antitrust Litigation*, C.A. No. 96-C-0959 (E.D. Wisc.) (Co-trial Counsel); *In re Lysine Indirect Purchaser Antitrust Litigation*, (D. Minn.);

*In re Citric Acid Indirect Purchaser Antitrust Litigation*, C.A. No. 96-CV-009729 (Cir. Ct. Wisc.); *In re Maltol Antitrust Litigation* (Co-Lead Counsel); and *In re Vitamins Antitrust Litigation* (D.D.C.)

In *Lazy Oil Co. v. Witco Corp., et. al., supra*, the District Court made the following comments concerning the work of Co-Lead Counsel:

> [t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of this litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.

In July, 2003, the *National Law Journal* listed Levin, Fishbein, Sedran and Berman among the top 23 plaintiffs' firms in the nation.

More recently, Mr. Sedran is serving as Co-Lead Counsel in *In re Graphite Electrodes Antitrust Litigation* (E.D. Pa. - MDL No. 1244); *In re Bulk [Extruded] Antitrust Litigation* (D.N.J.); *In re Electrical Carbon Products Antitrust Litigation*, MDL No. 1514 (D.N.J.); and *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, MDL NO. 1542 (D. Conn.).

Additionally, Mr. Sedran is currently involved in the following MDL antitrust cases among others: *In re Automotive Refinishing Paint Antitrust Litigation*; *In re EPDM Antitrust Litigation*; *In re Carbon Black Antitrust Litigation*; *In re Plastic Additives Antitrust Litigation*; *In re Linerboard Antitrust Litigation*; *In re MSG Antitrust Litigation* (Executive Committee); *In re Sulfuric Acid Antitrust Litigation*; and *In re Labelstock Antitrust Litigation*.

Mr. Sedran has also successfully appeared before many federal courts of appeal:

- *In re Charter Company*, 876 F.2d 861 (11th Cir. 1989) (motion for relief from automatic stay constituted an informal proof of claim).

- *Shaw v. Dallas Cowboys Football Club, Ltd.*, 172 F.3d 299 (3rd Cir. 1999) (satellite broadcasts not exempted under the Sports Broadcasting Act, 15 U.S.C. § 1291).

- *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581 (3rd Cir. 1999) (in class actions, rules for attorney disqualification require a balancing test).

- *Texas International Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 Fed. Appx. 738, 2002 WL 385569 (2nd Cir. N.Y.) (reversal of dismissal for lack of personal jurisdiction over foreign defendant).

- *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204 (2d Cir. 1003) (foreign defendant that conspires overseas to fix U.S. prices may be subject to personal jurisdiction in United States; under Rule 44.1 F.R.Civ.P., reliance on foreign law requires reasonable notice or defense is barred).

(d)     **LAURENCE S. BERMAN**, a member of the firm, was born in Philadelphia, Pennsylvania on January 17, 1953. He was admitted to the bar in 1977. He is admitted to practice before the U.S. Courts of Appeals for the Third, Fourth and Seventh Circuits; the U.S. District Court, Eastern District of Pennsylvania; and the Bar of Pennsylvania. He is a graduate of Temple University (B.B.A., magna cum laude, 1974, J.D. 1977). He is a member of the Betta Gamma Sigma Honor Society. Mr. Berman was the law clerk to the Honorable Charles R. Weiner, U.S. District Court for the Eastern District of Pennsylvania 1978-1980. Member: Philadelphia, Pennsylvania and American Bar Associations.

Mr. Berman has participated in, *inter alia*, the following actions: *Donald A. Stibitz, et al. v. General Public Utilities Corp., et al.*, No. 654 S 1985, (C.P. Dauphin County, Pa.); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre, et al. v. Syntex Agribusiness, Inc., et al.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re Electric Weld Steel Tubing Antitrust Litigation - II*, Master File No. 83-0163, U.S.D.C., Eastern District of Pennsylvania; *Township of Susquehanna, et al. v. GPU, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 81-0437; *In re Fiddler's Woods Bondholders Litigation*, Civil Action No. 83-2340 U.S.D.C, E.D. Pa., (Newcomer, J.); and *Ursula Stiglich Wagner, et al. v. Anzon, Inc., et al.*, No. 4420, June Term, 1987 (C.C.P. Phila. Cty.)

(e) **FRED S. LONGER**, a member of the firm, is a graduate of Carnegie-Mellon University (B.S. 1982) and the University of Pittsburgh School of Law (J.D. 1986). Mr. Longer was a Notes and Comments Editor for the University of Pittsburgh Law Review. He is admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey; the United States Supreme Court; the United States Court of Appeals for the Third and Fourth Circuits; and the United States District Courts for the Western and Eastern Districts of Pennsylvania, and the Districts of New Jersey and Arizona. He is a member of the American and Philadelphia County Bar Associations.

Mr. Longer has participated in many class actions including the following: *In re Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re Catfish Antitrust Litigation*, MDL No. 928; *In re Airlines Antitrust Litigation*, MDL No. 861 (N.D. Ga.); *Kelly v. County of Allegheny*, No. 6D 84-17962 (C.P. Allegheny County, PA); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

(f) **DANIEL C. LEVIN**, was born in Philadelphia, Pennsylvania. He received his undergraduate degree from the University of Pittsburgh (B.A. 1994) and his law degree from Oklahoma City University (J.D. 1997). He is a member of Phi Delta Phi. He is also member of the Pennsylvania Bar Association; Pennsylvania Trial Lawyers Association, and the Association of Trial Attorneys of America. He is admitted to practice before the Supreme Court of Pennsylvania; the United States District Court for The Eastern District of Pennsylvania, and the United States Court of Appeals for the Third Circuit. Mr. Levin has been part of the litigation team in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.) and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

(g) **CHARLES E. SCHAFFER**, born in Philadelphia, Pennsylvania, is a graduate of Villanova University, (B.S., *Magna Cum Laude*, 1989) and Widener University School of Law (J.D. 1995) and Temple University School of Law (LL.M. in Trial Advocacy, 1998). He is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of

Appeals. Mr. Schaffer has been extensively involved in the prosecution of medical malpractice, products liability and a variety of commercial actions.

(h)     AUSTIN B. COHEN, is a graduate of the University of Pennsylvania (B.A., 1990) and a graduate of the University of Pittsburgh School of Law (J.D., cum laude, 1996) where he served on the Journal of Law and Commerce as an assistant and executive editor. He has authored an article titled "Why Subsequent Remedial Modifications Should Be Inadmissible in Pennsylvania Products Liability Actions," which was published in the Pennsylvania Bar Association Quarterly. He is a member of the Pennsylvania and New Jersey bars, and is a member of the Pennsylvania and American Bar Associations.

(i)     JUDY SHOPP, born in Harrisburg, Pennsylvania on October 23, 1951 and admitted to the bar in 1977. She is a graduate of Temple University (B.A. 1973), University of Baltimore School of Law (J.D. 1977), and The McGregor School of Antioch University (M.A. in Conflict Resolution 1996). She is admitted to practice before the Supreme Court of Pennsylvania, the U.S. District Court, Middle District of Pennsylvania, the U.S. Court of Appeals for the Third Circuit and the United States Supreme Court She is a member of the Philadelphia and Pennsylvania Bar Associations, the Society for Professionals in Dispute Resolution, the Academy of Family Mediators, the Association of Family and Conciliation Courts, and a charter associate of The International Academy of Mediators. She has lectured and presented on alternative dispute resolution for the Pennsylvania Bar Institute, the Pennsylvania Bar Association, the Philadelphia Bar Education Center, the Pennsylvania Conference of Trial Judges, the National Institute of Conflict Resolution, the Association of American Law Schools, and has been an adjunct professor at the Dickinson School of Law, The Widener University School of Law, and a lecturer at the Temple University School of Law.

Ms. Shopp is a past vice-chair and chair of the Alternative Dispute Resolution Committee of the Pennsylvania Bar Association and is a member of the Commission on Women in the Profession. She has been appointed to serve as a Commissioner of the Pennsylvania Supreme Court Futures Commission on Justice in the Twenty-First Century and serves as Co-Chair of the

Alternative Paths to Justice Task Force of the Pennsylvania Futures Commission with the Honorable Richard B. Klein of the Philadelphia Court of Common Pleas.

She has been counsel to the Joint Committee on Administrative, Executive and Legislative Review in the Maryland General Assembly and served as a Court Administrator in the First Judicial District of Pennsylvania.

(j)     ZANETTA MOORE-DRIGGERS, is a graduate of the University of Maryland-College Park (B.A. 1990) and a graduate of Howard University School of Law (J.D. 1995) where she served as a Notes and Comments Editor of the Howard Law Journal. She served as a Staff Attorney with the United States Court of Appeals for the Third Circuit from January, 2000 through October, 2001. Zanetta is admitted to practice before the Pennsylvania Supreme Court, the United States District Court for the Eastern District of Pennsylvania, and the United States Court of Appeals for the Third Circuit. She is a member of the Philadelphia Bar Association, the National Bar Association and the American Bar Association.

(k)     MICHAEL M. WEINKOWITZ, born Wilmington, Delaware, June 11, 1969; admitted to bar 1995, Pennsylvania and New Jersey, U.S. District Courts, Eastern District of Pennsylvania, District of New Jersey; U.S. Court of Appeals, Third Circuit. Education: West Virginia University (B.A., magna cum laude, 1991); Temple University (J.D., cum laude, 1995); Member, Temple International & Comparative Law Journal, 1994-95; American Jurisprudence Award for Legal Writing.