COURT
OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 JUL -1  P 6: 12

| | | |
|---|---|---|
| Jack Rogers and Paul Pinella | ) | No. 04-10142EFH |
| | ) | The Honorable Edward F. Harrington |
| Plaintiffs, | ) | CLERK'S OFFICE |
| | ) | |
| v. | ) | |
| | ) | |
| Comcast Corporation | ) | |
| and AT&T Broadband, | ) | |
| | ) | |
| Defendants. | ) | |

---

**DECLARATION OF JESSICA N. SERVAIS IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

---

I, Jessica N. Servais, hereby declare as follows:

1.      I am an attorney with the law firm of Heins, Mills & Olson, P.L.C., counsel for Plaintiffs in this matter. This declaration is based on my personal knowledge.

2.      I have reviewed the websites and rules for the National Arbitration Forum ("NAF"), American Arbitration Association ("AAA"), and Judicial Arbitration and Mediation Services ("JAMS"). Sources: <http://www.arbitration-forum.com; http://www.adr.org; http://www.jamsadr.org.>

3.      The arbitration service providers AAA, JAMS, and NAF all impose restrictions on discovery. According to AAA's Guide for Commercial Arbitrators, the AAA rules only provide limited discovery: "[T]here is no formal discovery in arbitration." Although Section 10 of the Commercial Arbitration Rules permits some exchange of documents, "it does not contemplate full-blown, litigationlike [sic] discovery."

<http://www.adr.org/index2.1.jsp?JSPssid=16235&JSPsrc=upload/livesite/rules
Procedures/ADRGuides/comguide.html.>

4.    Comcast's and AT&T Broadband's Policies and Procedures § 10 state regarding arbitration with AAA that "AAA will apply the Supplementary Procedures for Consumer-Related Disputes and the Consumer Dispute Resolution Procedures in arbitrating claims between you and the company." Devine Aff. Exs. A – B.

However, AAA's Supplementary Procedures for Consumer-Related Disputes do not provide for any additional discovery other than what is provided for under AAA's Commercial Arbitration Rules.

*See Supplementary Procedures for Consumer-Related Disputes, available at*
http://www.adr.org/index2.1.jsp?JSPssid=16235&JSPsrc=upload/livesite/focusArea/cons
umer/AAA236current.htm.

5.    Similarly, JAMS restricts depositions to only one deposition per party. Rule 17 (c) of JAMS' Comprehensive Arbitration Rules and Procedures states:

> Each Party may take one deposition of an opposing Party or of one individual under the control of the opposing Party. . . The necessity of additional depositions shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

<http://www.jamsadr.com/rules/comprehensive.asp#Rule%2017.>

6.    Likewise, NAF's Code of Procedure Rule 29 limits discovery and provides, in part, as follows:

> A. After a Response is filed, Parties shall cooperate in the exchange of documents and information. A Party requesting discovery shall contact

other Parties and discuss discovery Requests and any objections and arrange for the exchange of documents and information.

B. If the Parties are unable to resolve discovery matters under Rule 29A, a Party may request the disclosure of documents, sworn answers to not more than twenty-five (25) written questions, or one or more depositions before a Hearing where:

1. The information sought is relevant to a Claim or Response, reliable, and informative to the Arbitrator;
2. The cost is commensurate with the amount of the Claim; and
3. The Request is reasonable and not unduly burdensome and expensive.

. . .

C. A Party may request other discovery, including requests for admissions and requests for physical or mental examinations, before a Hearing, where:

1. The information sought is relevant to a Claim or Response, reliable, and essential to a fair hearing of the matter;
2. The cost is commensurate with the amount of the Claim; and
3. The Request is reasonable and not unduly burdensome or expensive.

. . .

<http://www.arbitration-forum.com/code/part5.asp.>

7.    I have reviewed the Commonwealth of Massachusetts' William Francis Galvin, Secretary of the Commonwealth website which contains a record indicating that Continental Cablevision was a predecessor to MediaOne, which in turn was a predecessor to Comcast MO Digital Radio, Inc.  The record is attached as Exhibit A to this declaration and was printed on June 30, 2004 from:

<http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchSummary.asp?ReadFr omDB=True&UpdateAllowed=&FEIN=363817415.>

In addition, as William Devine testified in his deposition, MediaOne was acquired by AT&T Broadband. Devine Depo. at 8:16 – 11:4.

*Signed under the pains and penalties of perjury, this* June 30 *, 2004.*

Jessica N. Servais

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/05.

# EXHIBIT A



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

## *COMCAST OF MASSACHUSETTS I, INC.* Summary Screen

Help with this form

**Request a Certificate**

**The exact name of the Domestic Profit Corporation:** COMCAST OF MASSACHUSETTS I, INC.

**The name was changed from:** MEDIAONE OF MASSACHUSETTS, INC. **on** 11/19/02
**The name was changed from:** CONTINENTAL CABLEVISION OF MAS **on** 5/15/97

**Mergered with :** CONTINENTAL CABLEVISION OF SOUTHERN MASSACHUSETTS, INC. **on** 1/9/95
**Mergered with :** AMERICAN CABLESYSTEMS NORTHEAST, INC. **on** 1/22/96

**Entity Type:** Domestic Profit Corporation

**Identification Number:** 042511164

**Old Federal Employer Identification Number (Old FEIN):**

**Date of Organization in Massachusetts:** Jan 6 1972

**Current Fiscal Month / Day:** 12 / 31          **Previous Fiscal Month / Day:** 01 / 01

**The location of its principal office in Massachusetts:**
No. and Street:    101 FEDERAL STREET
City or Town:    BOSTON          State: MA    Zip: 02110    Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:          State:    Zip:    Country:

**The name and address of the Resident Agent:**
Name:    CT CORPORATION SYSTEM
No. and Street:    101 FEDERAL STREET
City or Town:    BOSTON          State: MA    Zip: 02110    Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
|---|---|---|---|
| PRESIDENT | JAMES M. MAZURRS | | |

| | | 4 PARWAY CENTER, PITTSBURGH, PA 15220 USA 4 PARWAY CENTER, PITTSBURGH, PA 15220 USA | |
| TREASURER | EDWARD M. DWYER | 295 N. MAPLE AVE, BASKING RIDGE, NJ 07920 USA 295 N. MAPLE AVE, BASKING RIDGE, NJ 07920 USA | |

**business entity stock is publicly traded:** __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share Enter **0** if no Par | Total Authorized by Articles of Organization or Amendments *Num of Shares* *Total Par Value* | Total Issued and Outstanding *Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

__ Consent    __ Manufacturer    __ Confidential Data    __ Does Not Require Annual Report

__ Partnership    __ Resident Agent    __ For Profit    __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic

[ View Filings ]    [ New Search ]

**Comments**

© 2001 - 2004 Commonwealth of Massachusetts
All Rights Reserved

Help