UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston)

2004 JUL -1  P 6: 12

| | |
|---|---|
| Jack Rogers and Paul Pinella, ) | Civil Action No.: 04-10142 EFH |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Comcast Corporation ) | |
| and AT&T Broadband, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JACK ROGERS IN SUPPORT OF CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, Jack Rogers, declare that the following is true and accurate and based upon my personal knowledge.

1. My name is Jack Rogers. I am a plaintiff in this case. I reside at 67 Chester Street, Arlington, Massachusetts.

2. I have been a customer of Comcast Corporation ("Comcast") and its previous companies, including AT&T Broadband ("AT&T"), since approximately September 1994. During that time, I have received cable video, including premium channels and high speed Internet services from Comcast or AT&T. When I began receiving cable services, an arbitration clause was not part of my cable subscription.

3. I have not signed and I have not consented to an arbitration agreement with Comcast or AT&T. To my knowledge, I have not received an arbitration agreement, any explanation or advance, or any, notice of an arbitration agreement, or any related documents from Comcast or AT&T. During the time in which I have been a customer of Comcast or AT&T, I have never been contacted by a Comcast or AT&T

47358

representative to explain or discuss an arbitration agreement with me, the terms and meaning of any such agreement or otherwise had any dealings with Comcast or AT&T concerning an arbitration agreement.

4.  I have been informed that Comcast claims that it mailed to me a copy of its policies and practices in November or December 2003. To my knowledge, I did not receive it. Comcast has never asked me whether I received it, nor can I remember ever having signed a document stating that I received, accepted or assented to Comcast's policies and practices.

5.  I have been informed that AT&T claims that it mailed to me a copy of its policies and practices in November or December 2002, but, to my knowledge, I did not receive it. AT&T has never asked me whether I received it, nor can I remember ever having signed a document stating that I received, accepted or assented to AT&T's policies and practices.

6.  During the time I have been a Comcast or AT&T customer, I neither have nor would knowingly: agree to arbitrate any disputes I may have with Comcast or AT&T; waive my right to litigate any claims I may have against Comcast or AT&T in court; waive my right to a jury trial; waive my right to participate in a class action lawsuit against Comcast or AT&T; limit any damage claim I may have against Comcast or AT&T to actual damages; waive my right to additional damages, including punitive damages or other damages to which I may be entitled; agree to shorten the time period in which I may bring a claim against Comcast or AT&T to one year rather than statutory time period for bringing a legal action (which I am informed is four years, for example, for an antitrust lawsuit); and/or agree to limit my right to take discovery in any legal

action I may be involved in against Comcast or AT&T. Any such document containing such restrictions on my rights would be a surprise to me, and I would never expect to receive such a document from Comcast or AT&T. If I had a choice, I would certainly reject such restrictions of my rights. Any such document attempting to waive or limit my rights would be outside my expectations as a customer of cable services.

7. I have been informed that it would cost over at least $300,000 and may cost over $600,000 in expert witness fees alone, plus additional amounts including attorney fees, to bring the antitrust claims asserted in this case in an arbitration proceeding on an individual (non-class action) basis. Such expert witness and attorney fees would prevent me from ever bringing my antitrust claims individually in arbitration. It would make no economic sense for me to bring such antitrust claims in an individual arbitration proceeding, especially in view of the fact that my potential recovery in damages may be only a portion of my monthly cable bills. It would be irrational for me to bring such antitrust claims on an individual basis in arbitration, or other than as part of a class action; the costs involved, including expert witness fees and attorney fees, would be far in excess of what I might recover in damages.

*Signed under the pains and penalties of perjury, this* 30 *day of June 2004.*

_____
Jack Rogers

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/05

_____

3