# HEINS MILLS & OLSON, P.L.C.
ATTORNEYS AT LAW

3550 IDS CENTER
80 SOUTH EIGHTH STREET
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 338-4605 • FAX (612) 338-4692
WWW.HEINSMILLS.COM

ALAN I. GILBERT
DIRECT DIAL: (612) 412-3567
AGILBERT@HEINSMILLS.COM

October 19, 2004

**VIA FEDERAL EXPRESS**
Honorable Edward F. Harrington
United States District Court for the
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Room #19, 7th Floor
Boston, Massachusetts 02210

Re: Martha Kristian and James D. Masterman v. Comcast Corporation, et al.
Civil Action No. 03-CV-12466 EFH;
Jack Rogers and Paul Pinella v. Comcast Corporation and AT&T Broadband
Civil Action No. 04-10142 EFH

Dear Judge Harrington:

I am writing in response to Jaime Bianchi's letter to the Court of October 18, 2004, in order to correct the misstatement of the record contained in that letter.

In his Order-Memorandum denying Defendants' motion to compel arbitration in the case of *Mark Dambrosio, et al. v. Comcast Corporation, et al.*, No. 03-6604 (E.D. Pa.), Judge Padova held that Defendants' arbitration clauses are unenforceable because Defendants failed to comply with federal regulations mandating that cable operators provide an advance 30-day notice to subscribers of "significant changes" to the conditions of subscribership. Just like the case before Judge Padova, the record before the Court in the above captioned matters confirms that Defendants did not provide any advance notice, 30 days or otherwise, to its cable subscribers prior to the adoption of Defendants' arbitration clauses.

With respect to AT&T Broadband's 2002 "Policies and Practices" document containing an arbitration clause, William A. Devine, Defendants' Rule 30(b)(6) deposition witness in the above cases, was asked, "And is there an express effective date stated anywhere in the document, based on your review? A. I don't see another date." Devine Deposition Tr., 22:13-16. Similarly, with respect to Comcast's 2003 "Policies and Practices," Mr. Devine testified as follows:

> Q. And what is the—is there an effective date stated on Exhibit 3?

49222.1

Honorable Edward F. Harrington
Page 2
October 19, 2004

> A. Just to review the same paragraph, not a specific date, however, the following policies and practices set forth below are terms and conditions that apply when you accept our cable television services.
> Q. Is there any specific date?
> A. I don't believe so.

Id., 24: 22 – 25:7.[*] Of course, Defendants' "Policies and Practices" themselves contain no specific effective date and certainly do not provide that they are effective in 30 days.

Further, Mr. Devine was asked whether AT&T Broadband or Comcast ever provided to their cable customers in the Boston area a separate notification of the effective date of its "Policies and Practices" containing arbitration clauses. Mr. Devine answered, "Not that I know of." Id., 21:24; 23:5; 25:15.

As Plaintiffs point out in their opposition, "[n]either AT&T Broadband nor Comcast gave Class Plaintiffs any other notice drawing their attention to the arbitration provisions Comcast is seeking to enforce, their right to reject them, or the Effective Date of the arbitration provisions." Class Plaintiffs' Opposition To Defendants' Amended Motion To Compel Arbitration, at 3. Again, in their Surreply, Plaintiffs clearly state, "Comcast's Boston cluster Rule 30(b)(6) witness confirmed at his deposition that no 30-day or any other notice with an effective date was provided to subscribers with respect to the 2002 and 2003 arbitration clauses Comcast is attempting to enforce. Devine Depo. at 54:4-56:6, 60:6-63:1." Class Plaintiffs' Surreply Memorandum In Opposition To Defendants' Motion To Compel Arbitration, at 5. In their briefing, Defendants never refute those facts, nor does Mr. Bianchi do so in his letter of October 18.

Thus, Mr. Bianchi's attempt to distinguish the facts of this case from those before Judge Padova on the issue of Defendants' failure to comply with federal regulations requiring an advance 30-day notice to Defendants' cable subscribers is not only unsupported but contradicted by the record before this Court.

Very truly yours,

HEINS MILLS & OLSON, P.L.C.

Alan Gilbert    s/aw

Alan I. Gilbert

AIG:dd
cc: John Peter Zavez (via facsimile)
    Mark A. Berthiaume (via facsimile)
    George L. Paul (via facsimile)
    Jaime Bianchi (via facsimile)
    Kari Jo Barwind (via facsimile)

---

[*] Excerpts from William Devine's deposition transcript are attached as Exhibit 1 to the Declaration of David Woodward dated June 30, 2004, filed in the above-captioned actions.
49222.1