UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACK ROGERS and PAUL PINELLA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COMCAST CORPORATION and<br>AT&T BROADBAND,<br><br>　　　　　Defendants. | Case No.  04-10142-EFH<br><br>Harrington, S.D.J. |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PROCEEDINGS PENDING APPEAL**

In response to this Court's denial of Comcast's motion to compel arbitration, Comcast has filed a timely appeal. For the reasons set forth below, this Court should stay this action until Comcast's appeal is resolved.

**ARGUMENT**

Under the Federal Arbitration Act ("FAA"), a party is entitled to immediate appellate review of an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16; *InterGen N.V. v. Grina*, 344 F.3d 134, 140 (1st Cir. 2003) ("A party has the right to appeal immediately from an order denying a motion to compel arbitration."). Courts ordinarily honor this appeal right by staying district-court proceedings pending resolution of the appeal. *See Lummus Co. v. Commonwealth Oil Refining Co., Inc.*, 273 F.2d 613 (1st Cir. 1959); *Intergen N.V. v. Grina*, No. Civ. A. 01-11774-REK, 2003 WL 1562200 at *1 (D. Mass. Feb 21, 2003).

In *Lummus*, the First Circuit squarely addressed the issue of whether district-court proceedings should be stayed pending an appeal from the denial of a motion to compel

arbitration. 273 F.2d 613 (1st Cir. 1959). Granting the stay, the First Circuit stated that continuation of the district court proceedings "would be affirmatively inimical to appellee's obligation to arbitrate, if [the Court of Appeals] determines it to have such obligation." *Id*. at 613. Here, the First Circuit's decision in *Lummus* controls and requires the Court to stay the present action pending resolution of Comcast's appeal.

Numerous other Federal courts are in accord with *Lummus*. Indeed, in the leading case of *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.* 128 F.3d 504 (7th Cir. 1997), the Seventh Circuit expressly followed the First Circuit's holding in *Lummus*. Quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982), the Seventh Circuit noted the Supreme Court's direction that the "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Bradford-Scott*, 128 F.3d 505. The Seventh Circuit added: "Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under §16(a) [ ], it is the mirror image of the question presented on appeal. Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by the two tribunals." *Bradford-Scott*, 128 F.3d at 505. In granting the stay, the Seventh Circuit explained why stays are warranted under these circumstances:

> The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under § 16(a) helps to cut the loss from duplication. Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

*Id.* at 506. *See also Blinco v. Green Tree Servicing, Inc.*, 366 F.3d 1249, 1251-52 (11th Cir. 2004) (following *Bradford-Scott* and holding that a stay was warranted pending resolution of

defendant's appeal from a denial of its motion to compel arbitration).

In *Intergen N.V. v. Grina*, this Court followed *Lummus* and *Bradford-Scott* and stayed district-court proceedings pending resolution of an appeal from the denial of a motion to compel arbitration. 2003 WL 1562200 at *2 (granting stay pending appeal and recognizing that continuing litigation "vitiates the cost- and time-saving benefits of arbitration") (citing *Bradford-Scott*, 128 F.3d at 505).

Under *Lummus* and *Intergen*, a stay should be entered here. A stay is necessary to ensure that Comcast enjoys the full benefit of the arbitration clauses, if the First Circuit finds them enforceable. If the First Circuit concludes that Comcast and the Plaintiffs entered into valid arbitration agreements, any further district-court proceedings will have been inconsistent with that agreement to arbitrate rather than litigate.

Finally, a stay would not substantially prejudice Plaintiffs. Plaintiffs will be able to proceed with the action — either in court or in an arbitral forum — as soon as the First Circuit rules on Comcast's interlocutory appeal. Plaintiffs' remedies (money damages) are not affected by the delay.

**CONCLUSION**

For the foregoing reasons, Comcast respectfully requests that the Court stay this action pending resolution of Comcast's appeal to the First Circuit.

Respectfully Submitted,

/s/ Christopher F. Robertson

| | |
|---|---|
| Christopher M. Curran | Mark A. Berthiaume |
| Jaime A. Bianchi | Christopher F. Robertson |
| George L. Paul | Seyfarth Shaw LLP |
| **WHITE & CASE** LLP | World Trade Center East |
| 601 Thirteenth Street, N.W. | Two Seaport Lane |
| Washington, D.C. 20005 | Boston, MA 02210-2028 |
| (202) 626-3600 / (202) 639-9355 (Fax) | (617) 946-4990 / (617) 946-4801 (Fax) |
| | |
| Dated: December 7, 2004 | *Attorneys for Defendants* |

4