IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACK ROGERS and PAUL PINELLA,<br><br>Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION and<br>AT&T BROADBAND,<br><br>Defendants. | No. 04-10142<br>The Honorable Edward F. Harrington |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

As the party moving to stay proceedings in the district court, Comcast has the burden of proving that a stay is proper. Despite having this burden, Comcast[1] fails even to argue that it satisfies the four applicable criteria for obtaining a stay. Even if Comcast had tried to argue that it met those requirements, however, it would still fail for the reasons set forth below.

### ARGUMENT

**1. A stay pending an appeal under Section 16 of the FAA is not mandatory in the First Circuit.**

The Federal Arbitration Act ("FAA") allows for appeals of orders denying referral to arbitration. *See* 9 U.S.C. § 16. The FAA, however, does not require district court proceedings to be stayed pending such an appeal.

Although Comcast argues that the First Circuit requires a stay,[2] the cases cited by Comcast do not state such a broad proposition. In *Lummus Co. v. Commonwealth Oil Refining Co., Inc.*, 273

---

[1] Defendants are collectively referred to herein as "Comcast."

[2] Defendants' Memorandum in Support of Motion to Stay Proceedings Pending Appeal at 2 (Dec. 7, 2004): "Here, the First Circuit's decision in *Lummus* controls and requires the Court to stay the present action pending resolution of Comcast's appeal."

50303

F.2d 613, 613-14 (1st Cir. 1959), the court did not address the power of a district court to deny a stay pending an appeal under Section 16 of the FAA. *See also Intergen N.V. v. Grina*, No. Civ. A. 01-11774-REK, 2003 WL 1562200, at *3 ("[t]he First Circuit has not directly decided whether the district court has some jurisdiction pending § 16(1) [FAA] appeals..."). In fact, *Lummus* did not even involve an appeal under the FAA. *See* note 3, *infra*.

Many courts that have considered a stay pending an FAA appeal have explicitly rejected a bright-line rule in favor of the traditional and more flexible approach utilized in deciding to grant or deny a stay generally. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Mutual Benefit Life Ins. Co. v. Zimmerman*, 787 F. Supp. 71, 74-75 (D. N.J.) (denying a motion to stay by applying the traditional factors used to consider motions for stay), *aff'd*, 970 F.2d 899 (3rd Cir. 1992) (unpublished)(table); *Desktop Images v. Ames*, 930 F.Supp. 1450, 1451 (D. Colo. 1996); *Triton Container Int'l v. Baltic Shipping Co.*, No. Civ.A. 95-0427, 95-2229, 1995 WL 758928, at *1 (E.D. La. Dec. 21, 1995) (evaluating the traditional factors to deny a stay pending appeal because "an appeal involving the issue of arbitration does not affect [the court's] jurisdiction to determine the remaining issues in this case"); *see also In re Salomon Inc. Shareholders' Deriv. Litig.*, 68 F.3d 554, 557 (2d Cir. 1995) (noting, without explanation, that both the Court of Appeals and the district court refused to stay proceedings).

**2. Comcast has not made any arguments recognized by the First Circuit for a stay.**

Since the First Circuit has never held that a stay is mandatory in the circumstances presented in this case, the Court should follow the recognized criteria for evaluating whether a stay is proper: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other

parties interested in the proceeding, and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *De Novellis v. Shalala*, 947 F.Supp. 557, 559-60 (D. Mass. 1996).

Despite the fact that these are the sole standards articulated by the Supreme Court for consideration upon application for a stay, including a stay pending appeal, Comcast has failed to argue these to this Court. Therefore, Comcast fails to carry its burden of proof as to why the Court should grant a stay. *See, e.g., Dalicandro v. Legalgard*, No. Civ.A. 99-3778, 2001 WL 1428359, at *5 (E.D. Pa. Nov. 14, 2001) (declining to issue a stay where certain legal issues were not briefed by the parties); *see generally Biogen, Inc. v. Schering AG*, 954 F. Supp. 391, 393 (D. Mass. 1996) (refusing to address issues that had not been fully briefed).

### 3. In any event, application of the standards for a stay pending appeal do not warrant issuance of a stay.

Moreover, the factors relevant to consideration of Comcast's motion for a stay do not support Comcast's request. First, Comcast is not likely to prevail on appeal. The Court's October Memorandum and Order clearly and decisively establishes that Comcast's purported arbitration provisions cannot be applied retroactively. The language of the arbitration clauses at issue and the extensive, established case law cited in the Court's Order and Memorandum provide compelling support for the Court's decision, and show that Comcast is unlikely to prevail on appeal. Further, because its ruling disposed of Comcast's motion, the Court did not address other independent and substantial reasons why arbitration is improper, including that there is no agreement to arbitrate; that Plaintiffs are unable to vindicate their statutory rights in arbitration; and that the arbitration provisions are unconscionable[3]. *Id.*; Pls.' Opp. Mem. (July 2, 2004); Pls.' Surreply Mem. (August 30, 2004).

---

[3] In fact, in a similar antitrust case involving Comcast's Philadelphia and Chicago clusters, United States District Court Judge John R. Padova for the Eastern District of Pennsylvania found dispositive of Comcast's motion to compel arbitration the argument that there was no agreement to arbitrate due to Comcast's failure to comply with federal regulations requiring an advance 30 day notice to subscribers of any significant changes to the conditions of subscribership. *Dambrosio, et al. v. Comcast Corp. et al.*, Civ. No. 03-6604-JRP (E.D. Pa. filed Oct. 8, 2004) (attached to Pls.' letter to the Court, dated Oct.

3

Comcast has also made no showing of irreparable injury and there simply is no such irreparable harm in this case. *See, e.g., Triton Container*, 1995 WL 758928, at *2 (denying motion to stay proceedings pending appeal of arbitration decision and stating that movant would be entitled to have vacated any subsequent order issued on the merits, thus movant's right of appellate review would not be denied).

Comcast similarly has failed to show that a stay will not injure Plaintiffs. To the contrary, any delay in the prosecution of Plaintiffs' case allows Comcast to continue to engage in its unlawful actions and would deny Plaintiffs their right to seek relief. *See Mutual Life Ins.*, 787 F. Supp. at 75 (finding that a stay pending appeal would unnecessarily delay the progress of litigation and prevent plaintiffs from seeking relief); *Desktop Images*, 930 F. Supp. at 1452 (rejecting argument that a stay would not prejudice plaintiff because it ignored the fact that plaintiff was entitled "to litigate and resolve its claims without further delay").

Finally, the public interest does not favor a delay of proceedings because the public has a significant interest in the prompt resolution of cases. *See Triton Container*, 1995 WL 758928, at *2 ("While I do not deny Baltic's position that the public has an interest in promoting arbitration, I find the public's interest in prompt resolution of cases to be stronger in this case."). Therefore, applying the four established factors for determining whether a stay is appropriate shows that Comcast's motion should be denied.

Comcast also suggests that the reasoning of the *Lummus* case is itself sufficient to justify a stay. However, *Lummus* did not involve an appeal pursuant to the FAA, nor did it even involve a decision on the merits of the arbitration agreement at issue.[4] 273 F.2d at 613. *Lummus* simply decided, based on the facts of that particular case, that a stay of discovery was warranted. It is also significant that the First Circuit, when considering the merits of the *Lummus* appeal, stated that the appeal "raises a substantial number of

---

13, 2004). The same reasoning applies to the Boston cluster arbitration provision at issue here. *See* Pls.' Opp. Mem. at 14-19; Pls.' Surreply Mem. at 4-6.
[4] The district court order in *Lummus* did not decide a motion to compel arbitration but rather temporarily enjoined

4

difficult issues," which involved multiple concurrent proceedings. *Lummus Co. v. Commonwealth Oil Refining Co., Inc.*, 280 F.2d 915, 919 (1st Cir. 1960). Additionally, *Lummus* did not displace the traditional stay criteria articulated by the Supreme Court.

In this case, the factors applicable to a stay support Plaintiffs' position. Indeed, Comcast does not even attempt to address a principal criterion applicable to consideration of whether a stay is appropriate, *i.e.*, Comcast's likelihood of succeeding on its contention that Plaintiffs' claims must be arbitrated. As discussed above, when Comcast's unlikelihood of success is weighed with the other factors relevant to the stay criteria, including Plaintiffs' right to promptly litigate their claims, it is apparent that a stay is inappropriate. Comcast's argument that a stay must be imposed to avoid any discovery is also inconsistent with its contention that at least some discovery is permitted in an arbitration proceeding. *See* Defs' Reply Br. at 13 (July 22, 2004).[5]

---

proceedings in another district court where a motion to compel arbitration was being sought. *Commonwealth Oil Refining Co., Inc. v. Lummus Co.*, 174 F. Supp. 485, 486 (D. Puerto Rico 1959).

[5] A copy of Judge Padova's Order granting Comcast's motion for a stay in the case of *Marc Dambrosio, et al. v. Comcast Corp., et al.*, Civ. No. 03-6604-JRP (E.D. Pa. December 17, 2004) accompanies this memorandum. For the above reasons, Plaintiffs respectfully disagree with Judge Padova's conclusion and submit that the above analysis supports denial of Comcast's motion.

5

## CONCLUSION

This Court retains jurisdiction to proceed and should deny Defendants' Motion to Stay Proceedings Pending Appeal.

Dated: December 21, 2004

Respectfully submitted,

*Alan I. Gilbert /apz*

Samuel D. Heins
Stacey L. Mills
Alan I. Gilbert
David Woodward
Jessica N. Servais
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel: (612) 338-4605
Fax: (612) 338-4692

John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax: (617) 742-8280

Ann D. White
Carol A. Mager
MAGER WHITE & GOLDSTEIN, LLP
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Tel: (215) 481-0273
Fax: (215) 481-0271

Barry Barnett
Max Tribble, Jr.
SUSMAN GODFREY LLP
901 Main Street, Suite 4100
Dallas, TX  75202
Tel: (214) 754-1900
Fax: (214) 754-1933

Jonathan Shaw
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3100
Seattle, WA 98101
Tel: (206) 516-3836
Fax: (206) 516-3883

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Michael Hausfeld
Stewart Weltman
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Marc H. Edelson
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA 18901
Tel: (215) 230-8043
Fax: (215) 230-8735

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay Proceedings Pending Appeal, was served on Defendants' counsel listed below via United States mail on this 21st day of December, 2004, addressed as follows:

Christopher M. Curran  
George L. Paul  
Kari Jo Barwind  
WHITE & CASE LLP  
701 Thirteenth Street, N.W.  
Washington, D.C. 20005-3807  

Mark A. Berthiaume  
Christopher F. Robertson  
Seyfarth Shaw LLP  
World Trade Center East  
Two Seaport Lane  
Boston, MA 02210-2028  

Jaime A. Bianchi  
WHITE & CASE LLP  
Wachovia Financial Center, Suite 4900  
200 South Biscayne Boulevard  
Miami, FL 33131-2352  

_____  
Donna S. Dye

Re: Rogers, et al. v. Comcast Corp., et al.  
Case No. 04-10142 EFH

50048.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MART DAMBROSIO, et al.        :
                              :     CIVIL ACTION
         v.                   :
                              :     NO. 03-6604
COMCAST CORP., et al.         :

                    **O R D E R**

    **AND NOW**, this 17th day of December 2004, upon consideration of Defendants' Motion to Stay Proceedings Pending Appeal (Doc. No. 60) and all documents submitted in response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** to the extent that it is consistent with this Order. **IT IS FURTHER ORDERED** that this matter is **STAYED** in its entirety pending further Order of this Court. The Clerk of Court shall mark this action **CLOSED** for statistical purposes and place the matter in the Civil Suspense File.[1]

---

[1] Defendants have appealed the Court's October 8, 2004 Order-Memorandum denying their Motion to Compel Arbitration (Doc. No. 52) to the United States Court of Appeals for the Third Circuit (the "Third Circuit") pursuant to § 16(a) of the Federal Arbitration Act, 9 U.S.C. § 16(a). Defendants now seek a stay of all proceedings in this Court pending the outcome of that appeal, with the exception of a determination of Defendants' pending Motion to Dismiss the Amended Complaint (Doc. No. 41). In ruling on a motion to stay pending the outcome of an appeal, courts consider the following factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).
    Defendants argue that a stay pending the outcome of the appeal of an order denying a motion to compel arbitration is mandatory. However, the Third Circuit has not yet ruled on this question, and courts of appeals for other Circuits are split. See Blinco v. Green Tree Servicing, Inc., 366 F.3d 1249, 1251-53 (11th Cir. 2004)

---

(mandatory stay of proceedings pending outcome of nonfrivolous appeal of order denying motion to compel arbitration); Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997) (same); but see Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004) (no mandatory stay of proceedings pending outcome of appeal of order denying motion to compel arbitration); Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990) (same).  Here, the Court need not decide whether a stay of proceedings pending the appeal of an order denying a motion to compel arbitration is mandatory, as a stay of the action is required under the discretionary balancing test.

Although Defendants have not made a strong showing of likelihood of success on the merits, they have demonstrated the possibility of irreparable injury absent a stay.  As Judge Easterbrook noted in Bradford-Scott, the case on which Defendants have principally relied in this Motion:

> Arbitration clauses reflect the parties' preference for non judicial dispute resolution, which may be faster and cheaper.  These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially.  The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced.  Immediate appeal under § 16(a) helps to cut the loss from duplication.  Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under § 16(a) is pending.

Bradford-Scott, 128 F.3d at 506.  Defendants have further demonstrated that Plaintiffs will not be substantially injured should the stay be issued.  Plaintiffs here are seeking monetary damages for allegedly anti-competitive conduct in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2.  Should Plaintiffs ultimately succeed on the merits, their recovery of monetary damages will be unaffected by the issuance of a stay pending the outcome of the appeal of the Court's Order denying Defendants' Motion to Compel Arbitration.  Finally, the public interest strongly favors staying the proceedings in this situation, as continued proceedings pending the outcome of Defendants' appeal would run the risk of wasting the Court's resources.  See Blinco, 366 F.3d at 1251.

Although Defendants seek to except their pending Motion to Dismiss from the stay, their own arguments, as set forth above, strongly counsel otherwise.  Indeed, "[t]he only aspect of the case

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated *at all* in the district court." Blinko, 366 F.3d at 1251 (emphasis added). Under the present circumstances of this case, therefore, the Court concludes that the most prudent course of action is to stay this case in its entirety. Accordingly, Defendants' Motion to Stay Proceedings Pending the Outcome of Appeal is granted to the extent that it is consistent with this Order.