## THE UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| MARTHA KRISTIAN<br>and JAMES D. MASTERMAN, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO.:<br>03-12466-EFH |
| COMCAST CORPORATION et al., | ) | |
| Defendants. | ) | |

---

|  |  |  |
|---|---|---|
| JACK ROGERS and PAUL PINELLA, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO.:<br>04-10142-EFH |
| COMCAST CORPORATION and<br>AT&T BROADBAND, | ) | |
| Defendants. | ) | |

---

## STIPULATED MOTION FOR ENTRY OF
## AGREED ORDER AFTER MANDATE ISSUES

The parties in the above-captioned matter hereby stipulate and jointly move this Court for entry of an Agreed Order in the form attached hereto, at the appropriate time. The grounds for this motion are as follows:

1.  On April 20, 2006, the U.S. Court of Appeals for the First Circuit issued its opinion in

the consolidated appeals of these matters. The opinion addresses certain issues related to the

arbitration agreements between the parties and specifically acknowledges that Defendants may

move, for this Court's consideration, to withdraw their motions to compel arbitration. Op. at 78,

note 25.

2. Under Fed.R.App.P. 40(a)(1), either party may file a petition for rehearing within 14

days after entry of judgment. In the present case, a petition for rehearing is due on May 4, 2006.

Under Fed.R.App.P. 41(d), a petition for rehearing stays the issuance of mandate.

3. The parties have reached agreement, reflected in the attached Agreed Order, that

Defendants' Motions to Compel Arbitration, dated May 12, 2004, Docket Number 17 and

Docket Number 9 in the above-captioned matters, respectively, are withdrawn, and that all claims

raised in these actions shall be resolved in court and not through arbitration.

4. The parties respectfully submit that the attached Agreed Order be entered by the Court

promptly upon the issuance of mandate from the First Circuit. Under Fed.R.App.P. 41(b), the

mandate is due to be issued on or about May 11, 2006.

5. Because any petitions for rehearing with the First Circuit Court of Appeals are due to

be filed tomorrow, the parties respectfully request a Fed. R. Civ. P. 16 conference with the Court

as soon as possible, hopefully today, to discuss entry of the Agreed Order in the form attached

once the mandate has issued. If the Court indicates at the conference that it will enter the Agreed

Order after the mandate issues, no petition for rehearing will be filed, and the mandate will issue

on or about May 11, 2006. If a petition for rehearing is filed, then this Stipulation is of no effect

and is not binding on the parties and, in that event, the parties do not agree to the issuance of the

attached Order.

6. The parties are available to appear before the Court pursuant to Fed. R. Civ. P. 16,

either in person or by telephone.

WHEREFORE, the parties jointly request that the Court enter the Agreed Order, in the

form attached, as soon as the mandate issues.

Respectfully submitted,

_____/s/ John P. Zavez_____          _____/s/ Timothy C. Blank_____
John P. Zavez (BBO No. 555721)               Timothy C. Blank (BBO No. 548670)
ADKINS, KELSTON & ZAVEZ, P.C.                Joseph L. Sulman (BBO 663635)
90 Canal Street                              DECHERT LLP
Boston, MA  02114                            200 Clarendon Street, 27th Floor
(617) 367-1040                               (617) 728-7154
Fax:  (617) 742-8280                         Fax:  (617) 426-6567
jzavez@akzlaw.com                            timothy.blank@dechert.com
                                             joseph.sulman@dechert.com


**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to
the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on May 3, 2006.


_____/s/ Timothy C. Blank_____

3

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARTHA KRISTIAN<br>and JAMES D. MASTERMAN,<br><br>  Plaintiffs,<br><br>  v.<br><br>COMCAST CORPORATION et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>03-12466-EFH |

|  |  |  |
|---|---|---|
| JACK ROGERS and PAUL PINELLA,<br><br>  Plaintiffs,<br><br>  v.<br><br>COMCAST CORPORATION and<br>AT&T BROADBAND,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>04-10142-EFH |

## AGREED ORDER

May __ , 2006

HARRINGTON, S.D.J.

Pursuant to Defendants' request to withdraw their Motions to Compel Arbitration

in the above cases, and the Plaintiffs' agreement to such withdrawals based on the terms and

56159

conditions referenced herein which terms and conditions have been agreed to by Defendants, it is HEREBY ORDERED:

1.      Defendants' Motions to Compel Arbitration, dated March 12, 2004, Docket Number 17 and Docket Number 9 in the above-captioned matters, respectively, are WITHDRAWN.  All claims asserted in the above matters by Plaintiffs Kristian, Masterman, Rogers and Pinella and all other putative members of a class comprised of cable television customers who subscribe or subscribed to video programming services (other than solely to basic cable services) from Defendants or their affiliates or the predecessors of Defendants or their affiliates (hereinafter collectively "Defendants") in and around Boston, Massachusetts, that is or may be proposed to be certified in the above matters shall be resolved in court in this action and not through arbitration;

2.      Additionally, Defendants shall not for any purpose in these actions, including class certification, (i) allege that an arbitration agreement, or any provision of an arbitration agreement, applies to Plaintiffs Kristian,  Masterman, Rogers, or Pinella, or any other putative member of a class that is or may be proposed to be certified in the above matters or (ii) file a motion to compel arbitration with respect to any such persons.  Defendants also shall not  allege that a subscriber agreement or a similar document or agreement, or any provision of a subscriber agreement or similar document or agreement, precludes the recovery of treble damages, or attorney's fees and costs, by Plaintiffs Kristian, Masterman, Rogers, or Pinella, or any other putative member of a class comprised of cable television customers who subscribe or subscribed to video programming services (other than solely to basic cable services) from Defendants in and around Boston, Massachusetts, that is or may be proposed to be certified in the above matters;

3.      Upon the Court's execution of this Order, Defendants waive any right that they

56159

2

may have to seek rehearing or other review or appeal of the decision of the United States Court

of Appeals for the First Circuit, dated April 20, 2006, in the above cases (the "Decision").  If the

Court executes this Order after Defendants have sought  review or appeal of the Decision,

Defendants shall withdraw or dismiss such  review or appeal within three days after execution of

this Order.


       SO ORDERED.


                                                     _____

                                                   EDWARD F. HARRINGTON
                                                   United States Senior District Judge

56159