# THE UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTHA KRISTIAN and JAMES D. MASTERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> COMCAST CORPORATION et al., <br><br> Defendants. | CIVIL ACTION NO.: <br> 03-12466-EFH |
| JACK ROGERS and PAUL PINELLA, <br><br> Plaintiffs, <br><br> v. <br><br> COMCAST CORPORATION and AT&T BROADBAND, <br><br> Defendants. | CIVIL ACTION NO.: <br> 04-10142-EFH |

### AGREED ORDER

May 18, 2006

HARRINGTON, S.D.J.

Pursuant to Defendants' request to withdraw their Motions to Compel Arbitration in the above cases, and the Plaintiffs' agreement to such withdrawals based on the terms and

56159

Case 1:04-cv-10142-EFH    Document 56    Filed 05/03/2006    Page 5 of 6

conditions referenced herein which terms and conditions have been agreed to by Defendants, it is HEREBY ORDERED:

1. Defendants' Motions to Compel Arbitration, dated March 12, 2004, Docket Number 17 and Docket Number 9 in the above-captioned matters, respectively, are WITHDRAWN. All claims asserted in the above matters by Plaintiffs Kristian, Masterman, Rogers and Pinella and all other putative members of a class comprised of cable television customers who subscribe or subscribed to video programming services (other than solely to basic cable services) from Defendants or their affiliates or the predecessors of Defendants or their affiliates (hereinafter collectively "Defendants") in and around Boston, Massachusetts, that is or may be proposed to be certified in the above matters shall be resolved in court in this action and not through arbitration;

2. Additionally, Defendants shall not for any purpose in these actions, including class certification, (i) allege that an arbitration agreement, or any provision of an arbitration agreement, applies to Plaintiffs Kristian, Masterman, Rogers, or Pinella, or any other putative member of a class that is or may be proposed to be certified in the above matters or (ii) file a motion to compel arbitration with respect to any such persons. Defendants also shall not allege that a subscriber agreement or a similar document or agreement, or any provision of a subscriber agreement or similar document or agreement, precludes the recovery of treble damages, or attorney's fees and costs, by Plaintiffs Kristian, Masterman, Rogers, or Pinella, or any other putative member of a class comprised of cable television customers who subscribe or subscribed to video programming services (other than solely to basic cable services) from Defendants in and around Boston, Massachusetts, that is or may be proposed to be certified in the above matters;

3. Upon the Court's execution of this Order, Defendants waive any right that they

56159

may have to seek rehearing or other review or appeal of the decision of the United States Court of Appeals for the First Circuit, dated April 20, 2006, in the above cases (the "Decision"). If the Court executes this Order after Defendants have sought review or appeal of the Decision, Defendants shall withdraw or dismiss such review or appeal within three days after execution of this Order.

SO ORDERED.

*[signature]*
EDWARD F. HARRINGTON
United States Senior District Judge

56159