IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Martha Kristian and James D. Masterman, <br><br> Plaintiffs, <br><br> v. <br><br> Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Holdings, LLC, and Comcast MO Group, Inc., <br><br> Defendants. | Civil Action No. 03-CV-12466-EFH |
| Jack Rogers and Paul Pinella, <br><br> Plaintiffs, <br><br> v. <br><br> Comcast Corporation and AT&T Broadband, <br><br> Defendants. | Civil Action No. 04-10142-EFH |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ENTRY
OF PRACTICE AND PROCEDURE ORDER NO. 1**

I.   **INTRODUCTION**

On December 8, 2003, Plaintiffs filed a complaint in the <u>Kristian</u> action alleging that Defendants engaged in conduct violative of Sections 1 (market allocation) and 2 (monopolization and attempted monopolization) of the Sherman Act, 15 U.S.C. §§ 1 and 2.

The <u>Rogers</u> action, alleging violations of the Massachusetts antitrust laws by Comcast and AT&T Broadband, was filed in state court in Massachusetts but was removed by Comcast to this Court on January 21, 2004. In both actions, Plaintiffs seek to represent all cable television

56411.1

customers who subscribe or subscribed since December 1, 1999 to the present to video programming services from Defendants in Comcast's Boston cluster. Another suit alleging violations of the federal antitrust laws by Comcast in the Philadelphia and Chicago metropolitan areas is venued in the Eastern District of Pennsylvania. The same counsel in this case also represent the plaintiffs in that action.

Plaintiffs initially submitted a Motion for Entry of Practice and Procedure Order No. 1 in the <u>Kristian</u> case on February 17, 2004. By order dated March 31, 2004, the Court reserved ruling on that motion until after the Court's decision on Defendants' Motion to Compel Arbitration. The arbitration issues in this litigation have since been resolved. <u>See</u> Agreed Order dated May 18, 2006. Further, on June 13, 2006, Plaintiffs' initial motion was terminated for being over two years old. <u>See</u> Docket Entry dated 06/13/2006. Plaintiffs therefore submit a renewed and updated Motion for Entry of Practice and Procedure Order No. 1, a proposed Practice and Procedure Order No. 1, this Memorandum in Support, and the Declaration of John Peter Zavez, Esq., with attached exhibits.

The purpose of proposed Practice and Procedure Order No. 1 ("Order") is to confirm the organizational structure for Plaintiffs' counsel that has already informally been in effect and which is designed to efficiently and cooperatively prosecute these complex antitrust matters. The structure includes meaningful litigation roles for Plaintiffs' counsel, while ensuring conservation of litigant resources and the smooth and efficient prosecution of the litigation by skilled and experienced counsel. The proposed Order also specifies the duties of Co-Lead Counsel and provides for procedures regarding the service of papers and any subsequently filed or transferred related actions.

Plaintiffs submitted a draft of the proposed Order to Defendants' new counsel. On behalf of Defendants, Sheron Korpus, Esq., suggested modifications to the draft, which have been incorporated into the proposed Order. Defendants' counsel advise that Defendants take no position on entry of Practice and Procedure Order No. 1

## II.    ARGUMENT

### A.    Organization of Plaintiffs' Counsel

The proposed Practice and Procedure Order No. 1 furthers the goals of the Plaintiff class. The leadership structure that has been in place minimizes duplication of effort, provides a unified voice of authority for the class and the Plaintiffs, and, at the same time, through its use of an Executive Committee, guarantees the exchange of ideas and opinions of skilled complex litigation and class action practitioners as to the best possible course of action for the Plaintiff class.

The leading authorities on class actions recommend that courts organize the prosecution of class actions as soon as possible. For example, Newberg advises courts to select lead counsel and liaison counsel, and to define their responsibilities, at an early stage:

> To assure maximum benefits for the parties and the court, it is now almost standard practice for the court to issue an order at an early stage, defining the responsibilities of liaison and lead counsel and the organization of plaintiffs' attorneys.

H. Newberg & A. Conte, Newberg on Class Actions, § 9.35 at 9-99 (3d ed. 1992); see also Manual for Complex Litigation, 3d, § 20.221 (1995) ("MCL 3d") (advising courts to appoint plaintiffs' counsel early in the litigation to "avoid unnecessary costs and duplicative activity").

Plaintiffs request that the Court formally appoint the two firms that have led the prosecution of these cases, Heins Mills & Olson, P.L.C. and Susman Godfrey L.L.P., with the

responsibility to continue to coordinate this litigation as Plaintiffs' Co-Lead Counsel and, pursuant to Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure, to serve as Co-Lead Counsel on behalf of the putative class. Both firms have extensive experience in class actions generally and have served in leadership roles in a number of complex matters throughout the United States. Their experience has lent and will continue to lend to these cases the efficient management and oversight necessary to prosecute this complex litigation. Further, the two firms have a history of working cooperatively in complex matters including as co-lead counsel in <u>In re Universal Service Fund Telephone Billing Practices Litigation</u>, No. 02-MDL-1468 (D. Kan.). <u>See</u> resumes of proposed Plaintiffs' Co-Lead Counsel, Declaration of John Peter Zavez, Exs. A and B.

Heins Mills & Olson, P.L.C. has a national practice in the field of complex class litigation. The dominant part of the firm's practice is the representation of plaintiffs and plaintiff classes in a variety of class actions, mainly in the areas of antitrust violations, securities fraud, and deceptive trade practices and consumer fraud. Its partners collectively have more than 100 years of experience in complex litigation and have successfully prosecuted over 100 class actions, including serving as lead or co-lead counsel for plaintiffs in several nationwide antitrust, securities and consumer protection class actions. Some of these cases include <u>In re AOL Time Warner, Inc. Securities Litigation</u> (S.D.N.Y.), <u>In re Broadcom Securities Litigation</u> (C.D. Cal.) and <u>In re Polyester Staple Antitrust Litigation</u> (W.D.N.C.). In the past year, Heins Mills & Olson's attorneys have negotiated settlements exceeding 2.5 billion dollars on behalf of plaintiff classes.

Susman Godfrey L.L.P. has handled dozens of complex class action cases throughout the United States since its founding in 1980. The 75 lawyers practicing in its Dallas, Houston, Los

Angeles, and Seattle offices have recovered more than $2 billion in verdicts for their clients. The firm has served as lead and co-lead counsel for nationwide plaintiff classes in multiple cases, including In re Ready-Mixed Concrete Antitrust Litigation (S.D. Ind.), In re Vitamins Antitrust Litigation (D.D.C.), In re Electronic Data Systems "ERISA" Litigation (E.D. Tex.), In re Alcatel Securities Litigation (E.D. Tex.), Reagor v. Equinox International (D. Nev.), and In re Anicom Inc. Securities Litigation (N.D. Ill.). Settlements that Susman Godfrey lawyers have negotiated on behalf of plaintiff classes in the past two years have exceeded $1 billion. Current clients include EMC Corporation, Wal-Mart, ACE, Amazon.com, and Texas Instruments.

Since these cases were first filed in December 2003, Heins Mills & Olson and Susman Godfrey have worked together extensively in the prosecution of this litigation. As Plaintiffs' Co-Lead Counsel, Heins Mills & Olson and Susman Godfrey will continue to organize and supervise the efforts of Plaintiffs' counsel to assure that the pretrial and trial preparation is conducted effectively, efficiently, expeditiously and economically; delegate work responsibilities, including discovery, briefing and trial preparation; monitor the activities of Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided; speak for the Plaintiff class at all Court conferences; initiate and conduct discussions and negotiations with counsel for Defendants on all matters, including settlement; consult with and employ experts, as necessary; coordinate the administrative details of these cases; and otherwise serve as Co-Lead Counsel. See proposed Practice and Procedure Order No. 1 at ¶ 1.[1] Heins Mills & Olson and Susman Godfrey can also fulfill the role of liaison counsel.

---

[1] The duties and responsibilities of Co-Lead Counsel in this proposed Practice and Procedure Order No. I are substantially similar to the model orders in the MCL 3d at § 41.31 and 41.32.

These two firms have effectively coordinated their efforts, and the efforts of the larger Plaintiffs' group, throughout the prosecution of these cases. They have worked cooperatively on the drafting of pleadings and in representing the Plaintiff class before the Court. They have worked jointly with consulting economists to develop the legal and factual underpinnings of this litigation and have directed the research of the Plaintiffs' group on relevant issues. This established history of cooperation in this litigation lends itself to the unity of direction necessary to continue to efficiently prosecute these cases.

Plaintiffs also seek the formal appointment of an Executive Committee of Plaintiffs' counsel. Plaintiffs believe that appointment of an Executive Committee of a limited number of plaintiffs' firms, with the efforts of the Executive Committee led by Plaintiffs' Co-Lead Counsel, will best accomplish the goals of consistency, economy and efficiency. The firms, Kaplan Fox & Kilsheimer LLP, Keller Rohrback, LLP, and Cohen Milstein Hausfeld & Toll, P.L.L.C., all have extensive class action experience, and have agreed to serve on the Executive Committee and to commit substantial resources to the prosecution of this litigation. See Zavez Decl., Exs. C-E.

B.   **Service of Papers**

The proposed Order sets out procedures for the service of papers in these cases that will ensure efficiency and uniformity.

C.   **Subsequently Filed or Transferred Related Actions**

In the event that additional complaints like these are filed in this District or in other Districts around the country and are subsequently transferred to this Court, the Order provides for a mechanism by which all cases can be consolidated before this Court to avoid duplicative efforts on behalf of the parties and their counsel. In addition, the Order ensures that any discussions of a settlement of this litigation, in whole or part, will be conducted or authorized by Plaintiffs' Co-

Lead Counsel and that any proposed settlements resolving this litigation, in whole or part, will be approved by the Court.

## III. CONCLUSION

Because the Plaintiffs' Co-Lead Counsel and Executive Committee structure provides clear benefits to the continued management of this complex litigation, Plaintiffs respectfully request entry of proposed Practice and Procedure Order No. 1.

Dated: June 30, 2006

/s/ Noah Rosmarin
John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax:  (617) 742-8280

Samuel D. Heins
Stacey L. Mills
David Woodward
Jessica N. Servais
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel:  (612) 338-4605
Fax:  (612) 338-4692

Barry Barnett
John Turner
Jason Fulton
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX  75202
Tel:  (214) 754-1900
Fax:  (214) 754-1933

MAGER & GOLDSTEIN, LLP
Carol A. Mager
Liberty Place, 21st Floor

1650 Market Street
Philadelphia, PA 19103
Tel: (215) 640 -3280
Fax: (215) 640 -3281

LAW OFFICES OF ANN D. WHITE, P.C.
Ann D. White
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA  19046
Tel: (215) 481-0274
Fax: (215) 481-0271

Marc H. Edelson (#51834)
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA  18901
Tel:  (215) 230-8043
Fax:  (215) 230-8735

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY  10022
Tel:  (212) 687-1980
Fax:  (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel:  (206) 623-1900
Fax:  (206) 623-3384

Michael Hausfeld
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005

Tel: (202) 408-4600
Fax: (202) 408-4699

Stewart Weltman
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
39 S. LaSalle Street, Suite 1100
Chicago, IL 60603
Tel: (312) 357-0370
Fax: (312) 357-0369

Anthony J. Bolognese (#36937)
Joshua H. Grabar (#82525)
BOLOGNESE & ASSOCIATES, LLC
1617 JFK Blvd., Suite 650
Philadelphia, PA 19103
Tel: (215) 814-6750
Fax: (215) 814-6764

**Counsel for Plaintiffs**

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by electronic case filing on June 30, 2006.


  /s/ Noah Rosmarin